# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE

Pursuant to 3rd Cir. LAR 33.3, counsel are required to file a concise summary of the case within **14** days of the date of docketing of the Notice of Appeal. Total statement is limited to no more than 2 pages, single-spaced. Counsel may utilize this form or attach a 2 page statement encompassing the information required by this form.

SHORT
CAPTION: Doe, et. al. v. Wilmington Housing Authority, et.al.
USCA NO.: 12-3433

LOWER COURT or AGENCY and DOCKET NUMBER:
District Court of Delaware, 1:10-cv-00473 LPS

NAME OF
JUDGE: The Honorable Leonard P. Stark

Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:

PLEASE SEE THE ATTACHED TWO-PAGE STATEMENT ENCOMPASSING THE INFORMATION REQUIRED BY THIS FORM.

LIST and **ATTACH** a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.

PLEASE SEE THE ATTACHED TWO-PAGE STATEMENT ENCOMPASSING THE INFORMATION REQUIRED BY THIS FORM.

1

CONCISE SUMMARY OF THE CASE (cont.)

Provide a short statement of the factual and procedural background which you consider important to this appeal:

PLEASE SEE THE ATTACHED TWO-PAGE STATEMENT ENCOMPASSING THE INFORMATION REQUIRED BY THIS FORM.

Identify the issues to be raised on appeal:

PLEASE SEE THE ATTACHED TWO-PAGE STATEMENT ENCOMPASSING THE INFORMATION REQUIRED BY THIS FORM.

This is to certify that this Concise Summary of the Case was electronically filed with the Clerk of the U.S. Court of Appeals for the Third Circuit and a copy hereof served to each party or their counsel of record this 7th day of September, 2010.

_____
Signature of Counsel

Rev. 04/2010

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## CONCISE SUMMARY OF THE CASE TWO-PAGE ATTACHMENT PURSUANT TO 3rd CIR. LAR 33.3

Doe, et.al. v. Wilmington Housing Authority, et. al.
USCA No.: 12-3433

**Specify who is suing whom, for what, and the subject of this action. Identify (1) the nature of the action; (2) the parties to this appeal; (3) the amount in controversy or other relief involved; and (4) the judgment or other action in the lower court or agency from which this action is taken:**

(1) & (2). Nature of the Action and Parties to the Appeal: Plaintiffs Jane Doe and Charles Boone are suing Wilmington Housing Authority (WHA) and Frederick S. Purnell in his capacity as executive director of the WHA seeking to invalidate as unconstitutional portions of the WHA's lease policies and Rule 24 of a facility WHA manages, known as The Park View, pertaining to possession of firearms on WHA owned and/or managed properties. Specifically, paragraphs 3 (Common Area Provision) and 4 (Reasonable Cause Provision) of WHA's Amended Firearms and Weapons Policy and the nearly identical portions of House Rule 24 infringe upon Plaintiff's 2nd and 14th Amendment rights under the United States Constitution and violate their rights under the Delaware State Constitution. Plaintiffs also seek a ruling that Defendants' firearms policies are preempted by Delaware statutory law, and that Defendants have exceeded the scope of their authority by enacting these policies. (3). Amount in Controversy and Relief Involved. The relief sought is declaratory and injunctive in nature, with Plaintiff's fees and costs sought. (4). Lower Court Action Appealed. This action is taken following the denial of Plaintiffs' motion for summary judgment and granting of Defendants' motion for summary judgment in which the lower court erroneously predicted that: (i) the Delaware Supreme Court would not protect Plaintiffs' rights under the Delaware Constitution, (ii) Delaware's comprehensive statutory regulatory scheme for regulating firearms would not preempt the WHA from adopting unconstitutional policies, and (iii) WHA did not exceed the authority granted to it by its state enabling statute.

**LIST and ATTACH a copy of each order, judgment, decision or opinion which is involved in this appeal. If the order(s) or opinion(s) being appealed adopt, affirm, or otherwise refer to the report and recommendation of a magistrate judge or the decision of a bankruptcy judge, the report and recommendation or decision shall also be attached.**

1. Opinion dated July 27, 2012 (D.I. 114)
2. Order dated July 27, 2012 (D.I. 115)
3. Judgment dated July 30, 2012 (D.I. 116)

**Provide a short statement of the factual and procedural background which you consider important to this appeal:**

This case was filed in Delaware Chancery Court, seeking declaratory and injunctive relief from unconstitutional infringements on Plaintiffs' 2nd and 14th Amendment right to keep and bear arms under the United States Constitution and under the Delaware Constitution, as well as state law preemption and related claims. Defendants removed the case to Delaware District Court pursuant to 28 U.S.C.§§1441(b) and 1331. Plaintiffs also claim that WHA impermissibly exceeded the scope of its authority in establishing policies in state-funded residential housing that prohibit Plaintiffs from carrying firearms in common areas of their residence and that require Plaintiffs to produce a permit to carry a concealed weapon upon request if WHA has reasonable cause to believe the policy has been violated. Plaintiffs and Defendants filed cross motions for summary judgment. The District Court denied Plaintiffs' motion and granted Defendants' motion, incorrectly predicting that the Delaware Supreme Court would find no constitutional protection for Plaintiffs under state or federal law.

**Identify the issues to be raised on appeal:**

1. Whether Wilmington Housing Authority's policies: (a) forbidding Plaintiffs' rights to possess firearms at housing facilities in areas other than inside the tenants' individual residences; and (b) forbidding transport of firearms off premises; and (c) requiring presentation of firearms' licenses on demand violate Article I, §20 of the Delaware Constitution, which provides: "A person has the right to keep and bear arms for the defense of self, family, home, and State, and for hunting and recreational use."

2. Whether Wilmington Housing Authority's restrictive policies as listed above, which are not imposed on citizens of Delaware by state law, are preempted by state law.