No. 12-3433

# UNITED STATES COURT OF APPEALS
## FOR THE
## THIRD CIRCUIT

DOE, *et al*,
*Plaintiffs-Appellants*,

v.

WILMINGTON HOUSING AUTHORITY, *et al*,
*Defendants-Appellees*.

On Appeal from the United States District Court for the District of Delaware,
No. 1:10-cv-00473 (Hon. Leonard P. Stark)

## JOINT APPENDIX

## VOLUME II

## A29 – A657

Francis G.X. Pileggi
Penelope O'Connell
Jill Agro
ECKERT SEAMANS CHERIN & MELLOTT, LLC
300 Delaware Avenue, Suite 1210
Wilmington, DE 19801
302.655.3667

*Attorneys for Appellants Jane Doe and
Charles Boone*

Dated: October 23, 2012

# JOINT APPENDIX TABLE OF CONTENTS

## VOLUME I

Notice of Appeal by Jane Doe and Charles Boone,
  D.I. 117 (Aug. 27, 2012) ......................................................................A1

Order by Judge Stark re: Cross-Motions for Summ. J.,
  D.I. 115 (July 27, 2012) ......................................................................A2

Judgment in Favor of Defs. and Against Pls., D.I. 116 (July 30, 2012)................A3

*Doe v. Wilmington Hous. Auth.*, 2012 WL 3065285 (D. Del. July 27, 2012),
  D.I. 114 (Opinion on Cross-Motions for Summ. J.) ..........................................A4

## VOLUME II

District Court Docket Report ..............................................................................A29

Letter from R. Dowlut, Esq. to WHA (Feb. 1, 2010) ..........................................A40

Emails among WHA Board Members (redacted) (Feb. 1, 2010) ........................A42

Email from Purnell to WHA Board Members (redacted) (Feb. 3, 2010).............A43

Emails among WHA Board Members (redacted) (Feb. 24, 2010).......................A45

Notice of Removal of Pending State Ct. Action, D.I. 1 (June 1, 2010) ...............A47

Letter from F. Pileggi, Esq. to Peter D. Dalleo, Clerk, D.I. 3 (June 2, 2010) ......A97

Answer to Compl. and Affirmative Defenses by Frederick S. Purnell
  and Wilmington Housing Authority, D.I. 13 (June 16, 2010) ..........................A99

Decl. by Frederick S. Purnell, Sr. and Wilmington Hous. Auth.,
  D.I. 20 (July 29, 2010)........................................................................A106

Transcript of Status Conference Held June 30, 2010,
  D.I. 21 (Aug. 5, 2010) ........................................................................A259

Park View Lease of "Jane Doe" (Redacted), D.I. 22 (Aug. 5, 2010)................A287

Amended Complaint (without exs.), D.I. 23(Aug. 6, 2010)..............................A290

Amended Answer by Frederick S. Purnell, Sr. and
    Wilmington Hous. Auth., D.I. 24 (Aug. 20, 2010) .........................................A303

Order Staying Case, D.I. 29 (September 7, 2010) ..............................................A312

WHA Notice Rescheduling Public Hearing to October 14, 2010).....................A313

Letter from B. Willoughby, Esq. to R. Dowlut, Eqs. (Sept. 28, 2010)...............A315

Letter from F. Pileggi, Esq. to B. Willoughby, Esq. (Sept. 30, 2010)................A317

Email from R. Dowlut, Esq. to F. Barbera (redacted) (Oct. 1, 2010).................A319

WHA Public Hearing Agenda (Oct. 14, 2010)...................................................A320

WHA Public Hearing Sign-In Sheets (Oct. 14, 2010)........................................A321

Email from B. Willoughby, Esq. to WHA Board Members (redacted)
    (Oct. 21, 2010)...............................................................................................A324

Letter from B. Willoughby, Esq. to Judge Stark,
    D.I. 32 (Oct. 26, 2010) ...................................................................................A327

Second Amended Compl. (without exs.), D.I. 40 (Dec. 6, 2010) ......................A333

Second Amended Answer and Affirmative Defenses,
    D.I. 47 (Dec. 20, 2010)...................................................................................A348

WRC Resolution No. 10-03 (Dec. 13, 2010).....................................................A359

The Park View Amended House Rule 24............................................................A361

WHA Resolution No. 10-25 (Oct. 25, 2010) .....................................................A363

WHA Firearms and Weapons Policy..................................................................A365

Excerpts from Wilmington Housing Authority Public Hearing
    Transcript (Oct. 14, 2010) ..............................................................................A367

Excerpts from Deposition of Charles Boone (Jan. 19, 2011) .............................A376

Excerpts from Deposition of Frederick S. Purnell, Sr. (Jan. 24, 2011)..............A387

Excerpts from Deposition of Bernadette Winston (Jan. 25, 2011).....................A404

Excerpts from Deposition of Donald Mell (Jan. 25, 2011) ................................A407

Excerpts from Deposition of Geoff Langdon (Jan. 27, 2011) ............................A414

Excerpts from Deposition of Karen Spellman (Jan. 31, 2011)...........................A419

Excerpts from Deposition of Nicole Majeski (Feb. 1, 2011) ............................A423

Mot. for Summ. J. by Jane Doe and Charles Boone,
    D.I. 86 (Feb. 21, 2011) ......................................................A428

Mot. for Summ. J. By Frederick S. Purnell, Sr. and
    Wilmington Hous. Auth., D.I. 88 (Feb. 21, 2011) .........................A432

Defs.' Opening Br. in Support of Mot. for Summ. J.,
    D.I. 89 (Feb. 21, 2011) ......................................................A433

Pls.' Opening Br. in Support of Mot. for Summ. J. (redacted),
    D.I. 95 (Feb. 25, 2011) ......................................................A459

Defs.' Answering Br. in Opp. to Plfs.' Mot. for Summ. J. (redacted),
    D.I. 102 (Mar. 31, 2011)......................................................A548

Pls.' Answering Br. in Opp. to Defs.' Mot. for Summ. J. (redacted),
    D.I. 103 (Apr. 1, 2011) ......................................................A573

Letter from F. Pileggi, Esq. to Judge Stark re: Supreme Ct. of Delaware re:
    Decision in *Griffin v. Delaware*, D.I. 111 (June 21, 2012)............................A628

Letter from B. Willoughby, Esq. to Judge Stark re: Supreme Ct. of Delaware
    Decision in *Griffin v. State*, D.I. 113 (June 22, 2012)....................................A638

Antonin Scalia and Bryan A. Garner, *Reading Law:*
    *The Interpretation of Legal Texts* (2012) .........................................A639

The Park View website,
    http://www.whadelaware.org/communities/parkview.php ............................A642

Stephen P. Halbrook, *Securing Civil Rights: Freedmen, The Fourteenth*
    *Amendment and the Right to Bear Arms* (2010)................................A643

*Guy Montag Doe, et al. v. San Francisco Hous. Auth., et al.*,
    No. CV-08-03112 (N.D. Cal. Jan. 12, 2009) ....................................A645

Randy J. Holland, *The Delaware State Constitution:*
  *A Reference Guide* (2002) ...............................................................................A649

Tx. Op. Att'y Gen., No. DM-71, 1991 WL 527492 (Dec. 31, 1991).................A651

Del. Op. Att'y Gen., No. 79-F013, 1979 WL 29005 (Nov. 30, 1979) ...............A655

CLOSED,APPEAL

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00473-LPS

Doe v. Wilmington Housing Authority et al
Assigned to: Judge Leonard P. Stark
Case in other court: USCA for the Third Circuit, 12-03433
                Chancery Court//DE/NCC, 5521
Cause: 28:1441 Notice of Removal

Date Filed: 06/01/2010
Date Terminated: 08/28/2012
Jury Demand: Plaintiff
Nature of Suit: 443 Civil Rights:
Accommodations
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 08/29/2012 | 119 | NOTICE of Docketing Record on Appeal from USCA for the Third Circuit. Re: 117 Notice of Appeal (Third Circuit) filed by Charles Boone and Jane Doe. USCA Case Number: 12-3433. USCA Case Manager: Anthony Infante. (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF)(ai) (Entered: 08/29/2012) |
| 08/28/2012 | | CASE CLOSED (ntl) (Entered: 08/28/2012) |
| 08/27/2012 | | APPEAL - Credit Card Payment of $ 455.00 received re 117 Notice of Appeal (Third Circuit) filed by Charles Boone, Jane Doe. ( Filing fee $ 455, receipt number 0311-1129394.) (O'Connell, Penelope) (Entered: 08/27/2012) |
| 08/27/2012 | 118 | NOTICE of Appearance by Penelope B. O'Connell on behalf of Charles Boone, Jane Doe (O'Connell, Penelope) (Entered: 08/27/2012) |
| 08/27/2012 | 117 | NOTICE OF APPEAL of 115 Order, 116 Judgment . Appeal filed by Charles Boone, Jane Doe. (O'Connell, Penelope) (Entered: 08/27/2012) |
| 07/30/2012 | 116 | JUDGMENT in favor of defendants and against plaintiffs. Signed by Judge Leonard P. Stark on 7/30/12. (ntl) (Entered: 07/30/2012) |
| 07/27/2012 | 115 | ORDER re 114 Opinion -- 88 MOTION for Summary Judgment filed by Wilmington Housing Authority, Frederick S. Purnell, Sr. is GRANTED; 86 MOTION for Summary Judgment filed by Charles Boone, Jane Doe is DENIED; 109 Letter MOTION is DENIED; the Clerk shall enter judgment against Plaintiffs and in favor of Defendants. Signed by Judge Leonard P. Stark on 7/27/12. (ntl) (Entered: 07/27/2012) |
| 07/27/2012 | 114 | OPINION re cross-motions for summary judgment. Signed by Judge Leonard P. Stark on 7/27/12. (ntl) (Entered: 07/27/2012) |
| 06/22/2012 | 113 | AMENDED DOCUMENT by Wilmington Housing Authority. Amendment to 112 Letter . (Willoughby, Barry) (Entered: 06/22/2012) |
| 06/21/2012 | 112 | Letter to The Honorable Leonard P. Stark from Barry M. Willoughby regarding Supreme Court of Delaware Decision in Griffin v. State - re 111 |

A0029

| | | Letter. (Willoughby, Barry) (Entered: 06/21/2012) |
|---|---|---|
| 06/21/2012 | 111 | Letter to The Honorable Leonard P. Stark from Francis G.X. Pileggi regarding Issues Briefed in the Pending Motion for Summary Judgment - re 87 Opening Brief in Support. (Attachments: # 1 Attachment to Letter) (Pileggi, Francis) (Entered: 06/21/2012) |
| 08/19/2011 | 110 | Official Transcript of Hearing held on July 15, 2011 before Judge Stark. Court Reporter Brian Gaffigan, Telephone (302) 573-6360. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 9/9/2011. Redacted Transcript Deadline set for 9/19/2011. Release of Transcript Restriction set for 11/17/2011. (bpg) (Entered: 08/19/2011) |
| 07/22/2011 | 109 | Letter MOTION for Summary Judgment *In Response to Your Honor's Request for Oral Argument on Cross Motions for SJ* - filed by Charles Boone, Jane Doe. (Pileggi, Francis) (Entered: 07/22/2011) |
| 07/15/2011 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Oral Argument held on 7/15/2011. (Court Reporter B. Gaffigan.) (ntl) (Entered: 07/15/2011) |
| 07/15/2011 | 108 | ORAL ORDER: IT IS HEREBY ORDERED that the following motions are DENIED AS MOOT -- 5 Motion to Expedite; 7 Motion for Preliminary Injunction; and 25 Motion for Partial Summary Judgment; IT IS FURTHER ORDERED that the unopposed 91 Motion for Leave to File Amicus Brief is GRANTED. ORDERED by Judge Leonard P. Stark on 7/15/11. (ntl) (Entered: 07/15/2011) |
| 06/15/2011 | 107 | NOTICE requesting Clerk to remove Carl D. Neff and Austen C. Endersby as co-counsel. Reason for request: at old law firm. (Pileggi, Francis) (Entered: 06/15/2011) |
| 04/29/2011 | 106 | NOTICE of Change of Address by Francis G.X. Pileggi (Pileggi, Francis) (Entered: 04/29/2011) |
| 04/13/2011 | 105 | REPLY BRIEF re 88 MOTION for Summary Judgment, 86 MOTION for Summary Judgment filed by Charles Boone, Jane Doe. (Attachments: # 1 Certificate of Service)(Pileggi, Francis) (Entered: 04/13/2011) |
| 04/13/2011 | 104 | REPLY BRIEF re 88 MOTION for Summary Judgment filed by Frederick S. Purnell, Sr, The Brady Center, Wilmington Housing Authority. (Willoughby, Barry) (Entered: 04/13/2011) |
| 04/01/2011 | 103 | REDACTED VERSION of 100 Answering Brief in Opposition, *to Defendants' Motion for Summary Judgment and Brief of Brady Center as Amicus Curiae* by Charles Boone, Jane Doe. (Attachments: # 1 Exhibit A to C)(Pileggi, Francis) (Entered: 04/01/2011) |
| 03/31/2011 | 102 | ANSWERING BRIEF in Opposition re 86 MOTION for Summary Judgment *(REDACTED VERSION)* filed by Frederick S. Purnell, Sr, Wilmington Housing Authority.Reply Brief due date per Local Rules is 4/11/2011. (Willoughby, Barry) (Entered: 03/31/2011) |

| 03/25/2011 | 101 | SEALED ANSWERING BRIEF in Opposition re 86 MOTION for Summary Judgment filed by Frederick S. Purnell, Sr, Wilmington Housing Authority.Reply Brief due date per Local Rules is 4/4/2011. (Willoughby, Barry) (Entered: 03/25/2011) |
| 03/25/2011 | 100 | SEALED ANSWERING BRIEF in Opposition re 88 MOTION for Summary Judgment, 91 MOTION for Leave to permit Suzanne Hill Holly to File an Amicus Brief filed by Charles Boone, Jane Doe.Reply Brief due date per Local Rules is 4/4/2011. (Attachments: # 1 Exhibit A to C, # 2 Certificate of Service)(Pileggi, Francis) (Entered: 03/25/2011) |
| 03/07/2011 | 99 | ORAL ORDER re 98 Letter Request -- Oral Argument rescheduled from 7/1/11 at 11:00 AM to 7/15/2011 at 10:00 AM in Courtroom 6B. ORDERED by Judge Leonard P. Stark on 3/7/11. (ntl) (Entered: 03/07/2011) |
| 03/03/2011 | 98 | Letter to The Honorable Leonard P. Stark from Barry M. Willoughby regarding Rescheduling Argument Date - re 94 Letter, 97 SO ORDERED, Set Hearings. (Willoughby, Barry) (Entered: 03/03/2011) |
| 03/03/2011 | 97 | SO ORDERED, re 94 Stipulated Scheduling Order -- Oral Argument set for 7/1/2011 11:00 AM in Courtroom 6B before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 3/3/11. (ntl) (Entered: 03/03/2011) |
| 02/28/2011 | 96 | REDACTED VERSION of 90 Appendix *to Defendants' Opening Brief in Support of Their Motion for Summary Judgment* by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Willoughby, Barry) (Entered: 02/28/2011) |
| 02/25/2011 | 95 | REDACTED VERSION of 87 Opening Brief in Support *of Plaintiffs' Motion for Summary Judgment* by Charles Boone, Jane Doe. (Attachments: # 1 Exhibit A to J)(Pileggi, Francis) (Entered: 02/25/2011) |
| 02/24/2011 | 94 | Letter to Judge Stark from Francis Pileggi regarding Enclosed Stipulated Scheduling Order - re 85 Proposed Order, 91 MOTION for Leave to permit Suzanne Hill Holly to File an Amicus Brief, 92 Letter. (Attachments: # 1 Text of Proposed Order)(Pileggi, Francis) (Entered: 02/24/2011) |
| 02/23/2011 | 93 | ORAL ORDER: Having reviewed Plaintiff's letter of February 22, 2011 (D.I. 92 ), IT IS HEREBY ORDERED THAT: (i) Plaintiff's response to the pending Motion for Leave to File Amicus Brief (D.I. 91 ) is due no later than February 28, 2011, and any reply to such response is due no later than March 1, 2011; (ii) the briefing schedule on the cross-motions for summary judgment (D.I. 86 , D.I. 88 ) is modified such that answering briefs are due no later than March 10, 2011 and reply briefs are due no later than March 15, 2011; and (iii) unless the pending Motion for Leave to File Amicus Brief is denied, Plaintiff's (single) answering brief relating to summary judgment may be up to forty (40) pages in length. ORDERED by Judge Leonard P. Stark on 2/23/11. (ntl) (Entered: 02/23/2011) |
| 02/22/2011 | 92 | Letter to Judge Stark from Francis Pileggi regarding Request Scheduling Conference - re 85 Proposed Order, 91 MOTION for Leave to permit Suzanne Hill Holly to File an Amicus Brief. (Pileggi, Francis) (Entered: 02/22/2011) |
|  |  |  |

A0031

| 02/21/2011 | 91 | MOTION for Leave to permit Suzanne Hill Holly to File an Amicus Brief - filed by The Brady Center. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order Proposed Order)(Hill, Suzanne) (Entered: 02/21/2011) |
|---|---|---|
| 02/21/2011 | 90 | SEALED APPENDIX re 89 Opening Brief in Support *of Defendants' Motion for Summary Judgment* by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Willoughby, Barry) (Entered: 02/21/2011) |
| 02/21/2011 | 89 | OPENING BRIEF in Support re 88 MOTION for Summary Judgment filed by Frederick S. Purnell, Sr, Wilmington Housing Authority.Answering Brief/Response due date per Local Rules is 3/10/2011. (Willoughby, Barry) (Entered: 02/21/2011) |
| 02/21/2011 | 88 | MOTION for Summary Judgment - filed by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Willoughby, Barry) (Entered: 02/21/2011) |
| 02/21/2011 | 87 | SEALED OPENING BRIEF in Support re 86 MOTION for Summary Judgment filed by Charles Boone, Jane Doe.Answering Brief/Response due date per Local Rules is 3/10/2011. (Attachments: # 1 Exhibit A to J, # 2 Certificate of Service)(Pileggi, Francis) (Entered: 02/21/2011) |
| 02/21/2011 | 86 | MOTION for Summary Judgment - filed by Charles Boone, Jane Doe. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Pileggi, Francis) (Entered: 02/21/2011) |
| 02/09/2011 | | SO ORDERED, re 85 Stipulation and Order -- Dispositive Motions due by 2/21/2011; answering briefs due 3/7/11; reply briefs due 3/14/11. Signed by Judge Leonard P. Stark on 2/9/11. (ntl) (Entered: 02/10/2011) |
| 02/09/2011 | 85 | PROPOSED ORDER Briefing Schedule re 84 Letter, 36 Scheduling Order, by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Willoughby, Barry) (Entered: 02/09/2011) |
| 02/09/2011 | 84 | Letter to The Honorable Leonard P. Stark from Barry M. Willoughby regarding Proposed Stipulation and Order re Briefing Schedule - re 36 Scheduling Order,. (Willoughby, Barry) (Entered: 02/09/2011) |
| 02/08/2011 | 83 | ORAL ORDER: IT IS ORDERED that the Oral Argument scheduled for 3/29/11 at 2:00 p.m. is CANCELLED; Oral Argument is hereby rescheduled for 4/5/11 at 2:00 p.m. in Courtroom 6B. ORDERED by Judge Leonard P. Stark on 2/8/11. (ntl) (Entered: 02/08/2011) |
| 02/02/2011 | 82 | NOTICE OF SERVICE of Defendants' Responses to Plaintiffs' Second Set of Interrogatories, Defendants' Responses to Plaintiffs' Second Request for Production, and Defendants' Production Documents (Bates Nos. D1160 - D1170) by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Willoughby, Barry) (Entered: 02/02/2011) |
| 01/31/2011 | 81 | ORDER re Jane Doe's deposition. Signed by Judge Leonard P. Stark on 1/31/11. (ntl) (Entered: 01/31/2011) |
| 01/28/2011 | 80 | Letter to The Honorable Leonard P. Stark from Carl D. Neff regarding Doe v. Wilmington Housing Authority; C.A. No. 10-473-LPS. (Attachments: # 1 Order, # 2 Exhibit A)(Neff, Carl) (Entered: 01/28/2011) |

A0032

| 01/24/2011 | | SO ORDERED, re <u>79</u> Confidentiality Stipulation and Protective Order by Frederick S. Purnell, Sr, Wilmington Housing Authority.. Signed by Judge Leonard P. Stark on 1/24/2011. (rpg) (Entered: 01/25/2011) |
|---|---|---|
| 01/24/2011 | <u>79</u> | STIPULATION - Confidentiality Stipulation and Protective Order by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Willoughby, Barry) (Entered: 01/24/2011) |
| 01/19/2011 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Telephone Conference held on 1/19/2011. (Court Reporter B. Gaffigan.) (ntl) (Entered: 01/19/2011) |
| 01/18/2011 | <u>78</u> | NOTICE to Take Deposition of Frederick S. Purnell, Sr. on January 21, 2011 by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/18/2011) |
| 01/17/2011 | <u>77</u> | NOTICE to Take Deposition of Frederick S. Purnell, Sr. on January 20, 2011 by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/17/2011) |
| 01/14/2011 | <u>76</u> | NOTICE OF SERVICE of Notice of Redesignation of Expert Witness by Frederick S. Purnell, Sr, Wilmington Housing Authority.(Willoughby, Barry) (Entered: 01/14/2011) |
| 01/14/2011 | <u>75</u> | NOTICE OF SERVICE of Supplemental E-Disclosures by Frederick S. Purnell, Sr, Wilmington Housing Authority.(Willoughby, Barry) (Entered: 01/14/2011) |
| 01/11/2011 | <u>74</u> | NOTICE to Take Deposition of Loren Grober on January 25, 2011 by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/11/2011) |
| 01/11/2011 | <u>73</u> | NOTICE to Take Deposition of Betty Lewis on January 27, 2011 by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/11/2011) |
| 01/11/2011 | <u>72</u> | NOTICE to Take Deposition of Nicole Majeski on January 26, 2011 by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/11/2011) |
| 01/11/2011 | <u>71</u> | NOTICE of Withdraw by Charles Boone, Jane Doe re <u>63</u> Notice to Take Deposition *of Antoine Oakley* (Neff, Carl) (Entered: 01/11/2011) |
| 01/11/2011 | <u>70</u> | NOTICE of Withdraw by Charles Boone, Jane Doe re <u>60</u> Notice to Take Deposition *of James DeShields* (Neff, Carl) (Entered: 01/11/2011) |
| 01/11/2011 | <u>69</u> | NOTICE of Withdraw by Charles Boone, Jane Doe re <u>57</u> Notice to Take Deposition *of Thomas Shopa* (Neff, Carl) (Entered: 01/11/2011) |
| 01/10/2011 | <u>68</u> | NOTICE OF SERVICE of Plaintiffs Jane Does and Charles Boones Responses and Objections to Defendants First Set of Interrogatories Directed to Plaintiffs and Plaintiffs Jane Does and Charles Boones Responses and Objections to Defendants First Request for Production of Documents Directed to Plaintiffs by Charles Boone, Jane Doe. (Attachments: # <u>1</u> Certificate of Service)(Neff, Carl) (Entered: 01/10/2011) |
| 01/10/2011 | <u>67</u> | NOTICE OF SERVICE of Defendants' Responses to Plaintiffs' First Set of Interrogatories, Defendants' Responses to Plaintiffs' First Request for Production, Defendants' Production Documents (Bates Nos. D1-D251, Defendants' Responses to Plaintiffs' First Request for Admissions by |

A0033

| | | |
|---|---|---|
| | | Frederick S. Purnell, Sr, Wilmington Housing Authority.(Willoughby, Barry) (Entered: 01/10/2011) |
| 01/07/2011 | 66 | NOTICE OF SERVICE of Defendants' Expert Witness Disclosure by Frederick S. Purnell, Sr, Wilmington Housing Authority.(Willoughby, Barry) (Entered: 01/07/2011) |
| 01/05/2011 | 65 | NOTICE of Appearance by Carl Douglas Neff on behalf of Charles Boone, Jane Doe (Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 64 | NOTICE to Take Deposition of Christopher Simon, Esquire on January 27, 2011 at 2:30 p.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 63 | NOTICE to Take Deposition of Antoine Oakley on January 27, 2011 at 11:30 a.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 62 | NOTICE to Take Deposition of Geoff Langdon on January 27, 2011 at 9:00 a.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 61 | NOTICE to Take Deposition of Michelle Griffiths on January 26, 2011 at 2:30 p.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 60 | NOTICE to Take Deposition of James DeShields on January 26, 2011 at 11:30 a.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 59 | NOTICE to Take Deposition of Mary Ann Miller on January 26, 2011 at 9:00 a.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 58 | NOTICE to Take Deposition of Donald Mell, III on January 25, 2011 at 2:30 p.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 57 | NOTICE to Take Deposition of Thomas Shopa on January 25, 2011 at 11:30 a.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 56 | NOTICE to Take Deposition of Bernadette Winston on January 25, 2011 at 9:00 a.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 55 | NOTICE to Take Deposition of Karan Spellman on January 24, 2011 at 2:30 p.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 54 | NOTICE to Take Deposition of Alfred Izquierdo on January 24, 2010 at 11:30 a.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/05/2011 | 53 | NOTICE to Take Deposition of Sandra Rosmini on January 24, 2011 at 9:00 a.m. by Charles Boone, Jane Doe.(Neff, Carl) (Entered: 01/05/2011) |
| 01/03/2011 | 52 | NOTICE to Take Deposition of Sarah Babain on January 21, 2011 by Charles Boone, Jane Doe.(Pileggi, Francis) (Entered: 01/03/2011) |
| 01/03/2011 | 51 | NOTICE to Take Deposition of Frederick S. Purnell, Sr. on January 20, 2011 by Charles Boone, Jane Doe.(Pileggi, Francis) (Entered: 01/03/2011) |
| 01/03/2011 | 50 | NOTICE to Take Deposition of Charles Boone on January 19, 2011 by Frederick S. Purnell, Sr, Wilmington Housing Authority.(Willoughby, Barry) (Entered: 01/03/2011) |

A0034

| 01/03/2011 | [49](#) | NOTICE to Take Deposition of Jane Doe on January 19, 2011 by Frederick S. Purnell, Sr, Wilmington Housing Authority.(Willoughby, Barry) (Entered: 01/03/2011) |
|---|---|---|
| 01/03/2011 | [48](#) | NOTICE OF SERVICE of Plaintiffs Jane Does and Charles Boones: 1) Second Set of Interrogatories and 2) Second Set of Requests for Production of Documents and Things; Directed to Defendants Wilmington Housing Authority and Frederick S. Purnell, Sr. by Charles Boone, Jane Doe.(Pileggi, Francis) (Entered: 01/03/2011) |
| 12/20/2010 | [47](#) | ANSWER to Amended Complaint ANSWER to [40](#) Amended Complaint with Jury Demand by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit)(Moak, Lauren) (Entered: 12/20/2010) |
| 12/13/2010 | [46](#) | NOTICE OF SERVICE of Defendants' Disclosures Pursuant to the Discovery of Electronically Stored Information by Frederick S. Purnell, Sr, Wilmington Housing Authority.(Willoughby, Barry) (Entered: 12/13/2010) |
| 12/10/2010 | [45](#) | NOTICE OF SERVICE of of Plaintiffs' Rule 26 Initial Disclosures; and Plaintiffs' Supplemental Initial Disclosures Pursuant to Default Standard for Discovery of Electronic Documents by Charles Boone, Jane Doe.(Pileggi, Francis) (Entered: 12/10/2010) |
| 12/10/2010 | [44](#) | NOTICE OF SERVICE of Plaintiffs Jane Doe's and Charles Boone's: 1) First Set of Interrogatories; 2) First Set of Requests for Production of Documents and Things; and 3) First Set of Requests for Admission; Directed to Defendants Wilmington Housing Authority and Frederick S. Purnell, Sr. by Charles Boone, Jane Doe.(Endersby, Austen) (Entered: 12/10/2010) |
| 12/10/2010 | [43](#) | NOTICE of Appearance by Austen C. Endersby on behalf of Charles Boone, Jane Doe (Endersby, Austen) (Entered: 12/10/2010) |
| 12/09/2010 | [42](#) | NOTICE OF SERVICE of Requests for Production of Documents Directed to Plaintiffs by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Willoughby, Barry) (Entered: 12/09/2010) |
| 12/09/2010 | [41](#) | NOTICE OF SERVICE of Defendants' First Set of Interrogatories Directed to Plaintiffs by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Willoughby, Barry) (Entered: 12/09/2010) |
| 12/08/2010 | | SO ORDERED, re [38](#) STIPULATION to File Second Amended Complaint without Filing Accompanying Motion to Amend filed by Charles Boone, Jane Doe. Signed by Judge Leonard P. Stark on 12/8/2010. (rpg) (Entered: 12/08/2010) |
| 12/06/2010 | [40](#) | Second AMENDED COMPLAINT against Frederick S. Purnell, Sr, Wilmington Housing Authority- filed by Jane Doe, Charles Boone. (Attachments: # [1](#) Exhibit 1 to 2)(Pileggi, Francis) (Entered: 12/06/2010) |
| 12/06/2010 | [39](#) | NOTICE OF SERVICE of Defendants' Rule 26 Initial Disclosures by Frederick S. Purnell, Sr, Wilmington Housing Authority.(Willoughby, Barry) (Entered: 12/06/2010) |
| 12/06/2010 | [38](#) | STIPULATION File Second Amended Complaint without Filing |

A0035

| | | |
|---|---|---|
| | | Accompanying Motion to Amend re <u>36</u> Scheduling Order, by Charles Boone, Jane Doe. (Pileggi, Francis) (Entered: 12/06/2010) |
| 11/30/2010 | <u>37</u> | Official Transcript of Telephone Conference held on November 12, 2010 before Judge Stark. Court Reporter Brian Gaffigan, Telephone (302) 573-6360. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 12/21/2010. Redacted Transcript Deadline set for 1/3/2011. Release of Transcript Restriction set for 2/28/2011. (bpg) (Entered: 11/30/2010) |
| 11/23/2010 | <u>36</u> | SCHEDULING ORDER: Joinder of Parties due by 12/6/2010. Amended Pleadings due by 12/6/2010. Discovery due by 2/1/2011. Dispositive Motions due by 2/11/2011. Answering Brief due 2/25/2011. Reply Brief due 3/7/2011. Motion Hearing set for 3/29/2011 02:00 PM in Courtroom 6B before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 11/23/2010. (rpg) (Entered: 11/23/2010) |
| 11/19/2010 | <u>35</u> | Letter to Judge Stark from Austen C. Endersby regarding enclosed please find proposed Scheduling Order. (Attachments: # <u>1</u> Text of Proposed Order) (Pileggi, Francis) (Entered: 11/19/2010) |
| 11/12/2010 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Telephone Conference held on 11/12/2010. (Court Reporter B. Gaffigan.) (ntl) (Entered: 11/16/2010) |
| 11/08/2010 | 34 | ORAL ORDER -- Status Telephone Conference set for 11/12/2010 02:30 PM. Plaintiff's counsel shall initiate the call to 302-573-4573. ORDERED by Judge Leonard P. Stark on 11/8/10. (ntl) (Entered: 11/08/2010) |
| 11/04/2010 | <u>33</u> | Letter to Judge Stark from Francis G.X. Pileggi regarding Response to Defendants' letter - re <u>31</u> Order, <u>32</u> Letter. (Pileggi, Francis) (Entered: 11/04/2010) |
| 10/26/2010 | <u>32</u> | Letter to The Honorable Leonard P. Stark from Barry M. Willoughby regarding Status Report Pursuant to September 7, 2010 Order - re <u>31</u> Order, <u>29</u> Order Staying Case, Set Deadlines. (Willoughby, Barry) (Entered: 10/26/2010) |
| 10/20/2010 | <u>31</u> | ORDER extending parties joint status report date to 10/25/2010 re <u>30</u> Letter to Judge Stark from Barry Willoughby regarding Request for Extension of Time. Signed by Judge Leonard P. Stark on 10/20/2010. (rpg) (Entered: 10/21/2010) |
| 10/19/2010 | <u>30</u> | Letter to Judge Stark from Barry Willoughby regarding Request for Extension of Time. (Attachments: # <u>1</u> Text of Proposed Order)(Willoughby, Barry) (Entered: 10/19/2010) |
| 09/07/2010 | <u>29</u> | ORDER STAYING CASE: Status Report due by 10/25/2010. Signed by Judge Leonard P. Stark on 9/7/10. (ntl) (Entered: 09/07/2010) |
| 08/27/2010 | <u>28</u> | Letter to Judge Stark from Barry Willoughby, Esq. regarding the Court's July 30, 2010 Order - re Status Conference, <u>21</u> Transcript,,. (Willoughby, Barry) |

| | | |
|---|---|---|
| | | (Entered: 08/27/2010) |
| 08/27/2010 | 27 | Letter to Judge Stark from Francis G.X. Pileggi regarding Proposed Scheduling Order - re Status Conference, CORRECTING ENTRY:. (Attachments: # 1 Exhibit [Enclosure to Letter])(Pileggi, Francis) (Entered: 08/27/2010) |
| 08/27/2010 | 26 | OPENING BRIEF in Support re 25 MOTION for Partial Summary Judgment filed by Charles Boone, Jane Doe.Answering Brief/Response due date per Local Rules is 9/13/2010. (Attachments: # 1 Exhibit A to B)(Pileggi, Francis) (Entered: 08/27/2010) |
| 08/27/2010 | 25 | MOTION for Partial Summary Judgment - filed by Charles Boone, Jane Doe. (Attachments: # 1 Text of Proposed Order)(Pileggi, Francis) (Entered: 08/27/2010) |
| 08/25/2010 | | CORRECTING ENTRY: Corrected transcript added to D.I. 21 per request of court reporter. (ntl) (Entered: 08/25/2010) |
| 08/20/2010 | 24 | AMENDED ANSWER to by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Cheek, Teresa) (Entered: 08/20/2010) |
| 08/06/2010 | | Remark: entry for plaintiff Charles Boone corrected to reflect that he is not pro and is represented by counsel. (bkb) (Entered: 08/06/2010) |
| 08/06/2010 | 23 | AMENDED DOCUMENT by Jane Doe, Charles Boone. Amendment to 1 Notice of Removal,. (Attachments: # 1 Exhibit 1)(Pileggi, Francis) (Entered: 08/06/2010) |
| 08/05/2010 | 22 | ORAL ORDER by Judge Leonard P. Stark: The Court, having reviewed the ex parte in camera submissions of the parties dated August 3, 2010, hereby finds that the lease executed by plaintiff "Jane Doe" is attached, with redactions. (rpg) (Entered: 08/05/2010) |
| 08/05/2010 | 21 | Official Transcript of Status Conference held on Friday, June 30, 2010 before Judge Stark. Court Reporter Brian Gaffigan, Telephone (302) 573-6360. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 8/26/2010. Redacted Transcript Deadline set for 9/7/2010. Release of Transcript Restriction set for 11/3/2010. (bpg) (ntl). (Entered: 08/05/2010) |
| 07/30/2010 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Status Conference held on 7/30/2010. (Court Reporter Brian Gaffigan.) (rpg) (Entered: 07/30/2010) |
| 07/29/2010 | 20 | DECLARATION by Frederick S. Purnell, Sr, Wilmington Housing Authority. (Attachments: # 1 Exhibit Deed, # 2 Exhibit Electra Arms Senior Associates Limited Partnership Agreement, # 3 Exhibit Certificate of Incorporation, # 4 Exhibit Management Agreement, # 5 Exhibit Park View Lease and House Rules, # 6 Exhibit Proposed Amended Rule 24, # 7 Exhibit Wilmington Housing Authority Firearms and Weapons Policy)(Willoughby, Barry) (Entered: 07/29/2010) |
| | | |

A0037

| 07/23/2010 | 19 | ORDER Cancelling Status Conference set for 7/28/2010 03:00 PM and Resetting Status Conference: ( Status Conference reset for 7/30/2010 11:00 AM in Courtroom 6C before Judge Leonard P. Stark ). Signed by Judge Leonard P. Stark on 7/23/2010. (rpg) (Entered: 07/23/2010) |
|---|---|---|
| 07/21/2010 | 18 | Letter to Judge Stark from Francis G.X. Pileggi regarding Date of Status Conference - re 17 Order, Set Deadlines/Hearings. (Pileggi, Francis) (Entered: 07/21/2010) |
| 07/20/2010 | 17 | ORDER Setting Status Conference. ( Status Conference set for 7/28/2010 03:00 PM in Courtroom 6C before Judge Leonard P. Stark ). Signed by Judge Leonard P. Stark on 7/20/2010. (rpg) (Entered: 07/20/2010) |
| 07/12/2010 | 16 | Letter to Judge Stark from Francis G.X. Pileggi regarding Informing the Court as to the Plaintiffs' position in light of recent Supreme Court decision. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Pileggi, Francis) (Entered: 07/12/2010) |
| 07/12/2010 | 15 | Letter to The Honorable Leonard P. Stark from Barry M. Willoughby regarding Defendants' Position re: Scheduling and future conduct of case - re 10 Order Setting Teleconference, Telephone Conference. (Willoughby, Barry) (Entered: 07/12/2010) |
| 06/21/2010 | 14 | CONSENT to Jurisdiction by US Magistrate Judge. Case reassigned to Magistrate Judge Leonard P. Stark. Signed by Judge Joseph J. Farnan, Jr. on 6/21/2010. (nms) (Entered: 06/21/2010) |
| 06/17/2010 | | Minute Entry for proceedings held before Judge Leonard P. Stark - Telephone Conference held on 6/17/2010. (Court Reporter B. Gaffigan.) (ntl) (Entered: 06/18/2010) |
| 06/16/2010 | 13 | ANSWER to Complaint and Affirmative Defenses by Frederick S. Purnell, Sr, Wilmington Housing Authority.(Willoughby, Barry) (Entered: 06/16/2010) |
| 06/16/2010 | 12 | NOTICE of Appearance by Teresa A. Cheek on behalf of Frederick S. Purnell, Sr, Wilmington Housing Authority (Cheek, Teresa) (Entered: 06/16/2010) |
| 06/16/2010 | 11 | Letter to The Honorable Judge Stark from Francis Pileggi, Esquire regarding Doe v. Wilmington Housing Authority, et al.. (Attachments: # 1 Exhibit A) (Pileggi, Francis) (Entered: 06/16/2010) |
| 06/10/2010 | 10 | Order Setting Status Teleconference: Status Telephone Conference set for 6/17/2010 09:30 AM before Judge Leonard P. Stark. Signed by Judge Leonard P. Stark on 6/10/2010. (rpg) (Entered: 06/10/2010) |
| 06/09/2010 | 9 | ORDER REFERRING CASE to Magistrate Judge Leonard P. Stark to hear and resolve all pretrial matters, up to and including the pretrial conference. Signed by Judge Joseph J. Farnan, Jr. on 6/9/2010. Motions referred to Leonard P. Stark.(nms) (Entered: 06/09/2010) |
| 06/09/2010 | | Case assigned to Judge Joseph J. Farnan, Jr. Please include the initials of the Judge (JJF) after the case number on all documents filed. (rjb) (Entered: 06/09/2010) |

A0038

| 06/03/2010 | | Submit for weekly case assignment (dab) (Entered: 06/03/2010) |
|---|---|---|
| 06/02/2010 | 8 | OPENING BRIEF in Support re 7 MOTION for Preliminary Injunction *[Memorandum of Law]* filed by Jane Doe.Answering Brief/Response due date per Local Rules is 6/21/2010. (Pileggi, Francis) (Entered: 06/02/2010) |
| 06/02/2010 | 7 | MOTION for Preliminary Injunction - filed by Jane Doe. (Pileggi, Francis) (exit SLR) (Entered: 06/02/2010) |
| 06/02/2010 | 6 | OPENING BRIEF in Support re 5 MOTION to Expedite *Memorandum of Law* filed by Jane Doe.Answering Brief/Response due date per Local Rules is 6/21/2010. (Pileggi, Francis) (Entered: 06/02/2010) |
| 06/02/2010 | 5 | MOTION to Expedite - filed by Jane Doe. (Attachments: # 1 Text of Proposed Order)(Pileggi, Francis) (exit SLR) (Entered: 06/02/2010) |
| 06/02/2010 | 4 | ACKNOWLEDGEMENT OF SERVICE Executed as to 1 Notice of Removal, *Service on 5/27/10* Acknowledgement filed by Jane Doe. (Pileggi, Francis) (Entered: 06/02/2010) |
| 06/02/2010 | 3 | Letter to Peter T. Dalleo from Francis G.X. Pileggi regarding Need for Duty Judge - re 1 Notice of Removal,. (Pileggi, Francis) (exit SLR) (Entered: 06/02/2010) |
| 06/01/2010 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction (ksr) (Entered: 06/01/2010) |
| 06/01/2010 | 1 | NOTICE OF REMOVAL and copies of documents from Chancery Court, Case Number 5521 (Filing fee $350, receipt number 0311-741212)- filed by Wilmington Housing Authority, Frederick S. Purnell, Sr. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(ksr) (Entered: 06/01/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/10/2012 09:25:51 | | | |
| PACER Login: | es0024 | Client Code: | 303838-00001 |
| Description: | Docket Report | Search Criteria: | 1:10-cv-00473-LPS Start date: 1/1/1970 End date: 10/10/2012 |
| Billable Pages: | 8 | Cost: | 0.80 |

A0039

*~ racen*
*Cl S Rosmini*

**RECEIVED**

FEB 5 7 REC'D

*(703) 267-1250*
*(703) 267-3985 fax*



1 February 2010

Wilmington Housing Authority
Frederick S. Purnell, Sr., Executive Director
400 N. Walnut Street
Wilmington, Delaware 19801

Dear Mr. Purnell:

It has been brought to our attention by members of the National Rifle Association and by the Caesar Rodney Institute that the Wilmington Housing Authority imposes a lease provisions that prohibits a resident from possessing a firearm. Such a restriction is unconstitutional.

Article I, § 20 of the Delaware Constitution guarantees that "A person has the right to keep and bear arms for the defense of self, family, home and State, and for hunting and recreational use." Furthermore, the United States Supreme Court in *District of Columbia v. Heller*, 128 S. Ct. 2783, 171 L.Ed.2d 637 (2008), held that the right to keep an operable firearm in the home for self-defense is a core right guaranteed by the Second Amendment. Consequently, the court struck down a ban on the possession of handguns and a ban on the possession of operable firearms in the home.

The Housing Authority of Portland, Oregon, proposed like regulations. The Attorney General of Oregon on September 12, 1988, in Opinion No. 8196, held that a lease provision proposed by the Housing Authority of Portland, which would prohibit any resident to possess any firearm within his apartment, would violate the state constitutional guarantee to bear arms. Cf. *Doe v. Portland Housing Authority*, 656 A.2d 1200 (Maine 1995), cert. denied 133 L.Ed.2d 112 (1995). Maine's preemption statute voided public housing gun ban. Delaware has enacted a preemption statute that bars a municipal government from, among other things, banning the possession of firearms. 22 Del. Code § 111. See also Robert Dowlut, *Bearing Arms in State Bills of Rights, Judicial Interpretation, and Public Housing*, 5 St. Thomas L. Rev. 203, 212 (1992).

It is well-settled law that the government may not condition entitlement to a public benefit, whether gratuitous or not, upon the waiver of constitutional rights that the government could not abridge by direct action. *Lefkowitz v. Turley*, 414 U.S. 70 (1973); *Keyishian v. Board of Regents*, 385 U.S. 589, 606 (1967); *Sherbert v. Verner*, 374 U.S. 398 (1963). The government is not free to place unconstitutional prerequisites upon the securing of public housing. Eligibility for low income housing provided by a housing authority plainly is a public benefit or privilege. While the housing authority may lawfully condition eligibility on satisfaction of income criteria and other

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

D000261

A0040

factors designed to ensure that only eligible tenants reside in that housing, the housing authority may not require an otherwise eligible individual to surrender his rights in order to obtain low income housing.

Labeling housing as a right or a privilege is of no moment. *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972), teaches that "this Court now has rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a 'right' or as a 'privilege'."

In summation, the ban on firearm possession adopted by the housing authority of Dover, Newark, and Wilmington is unconstitutional and should be promptly rescinded to avoid litigation.

Sincerely,

Robert Dowlut
General Counsel

cc:     Mayor James M. Baker
        John Sigler

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

*v racen*
*Cl S Rosmini*

**RECEIVED**

FEB 5 / REC'D

*(703) 267-1250*
*(703) 267-3985 fax*



1 February 2010

Wilmington Housing Authority
Frederick S. Purnell, Sr., Executive Director
400 N. Walnut Street
Wilmington, Delaware 19801

Dear Mr. Purnell:

It has been brought to our attention by members of the National Rifle Association and by the Caesar Rodney Institute that the Wilmington Housing Authority imposes a lease provisions that prohibits a resident from possessing a firearm. Such a restriction is unconstitutional.

Article I, § 20 of the Delaware Constitution guarantees that "A person has the right to keep and bear arms for the defense of self, family, home and State, and for hunting and recreational use." Furthermore, the United States Supreme Court in *District of Columbia v. Heller*, 128 S. Ct. 2783, 171 L.Ed.2d 637 (2008), held that the right to keep an operable firearm in the home for self-defense is a core right guaranteed by the Second Amendment. Consequently, the court struck down a ban on the possession of handguns and a ban on the possession of operable firearms in the home.

The Housing Authority of Portland, Oregon, proposed like regulations. The Attorney General of Oregon on September 12, 1988, in Opinion No. 8196, held that a lease provision proposed by the Housing Authority of Portland, which would prohibit any resident to possess any firearm within his apartment, would violate the state constitutional guarantee to bear arms. Cf. *Doe v. Portland Housing Authority*, 656 A.2d 1200 (Maine 1995), cert. denied 133 L.Ed.2d 112 (1995). Maine's preemption statute voided public housing gun ban. Delaware has enacted a preemption statute that bars a municipal government from, among other things, banning the possession of firearms. 22 Del. Code § 111. See also Robert Dowlut, *Bearing Arms in State Bills of Rights, Judicial Interpretation, and Public Housing*, 5 St. Thomas L. Rev. 203, 212 (1992).

It is well-settled law that the government may not condition entitlement to a public benefit, whether gratuitous or not, upon the waiver of constitutional rights that the government could not abridge by direct action. *Lefkowitz v. Turley*, 414 U.S. 70 (1973); *Keyishian v. Board of Regents*, 385 U.S. 589, 606 (1967); *Sherbert v. Verner*, 374 U.S. 398 (1963). The government is not free to place unconstitutional prerequisites upon the securing of public housing. Eligibility for low income housing provided by a housing authority plainly is a public benefit or privilege. While the housing authority may lawfully condition eligibility on satisfaction of income criteria and other

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

factors designed to ensure that only eligible tenants reside in that housing, the housing authority may not require an otherwise eligible individual to surrender his rights in order to obtain low income housing.

Labeling housing as a right or a privilege is of no moment. *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972), teaches that "this Court now has rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a 'right' or as a 'privilege'."

In summation, the ban on firearm possession adopted by the housing authority of Dover, Newark, and Wilmington is unconstitutional and should be promptly rescinded to avoid litigation.

Sincerely,

Robert Dowlut
General Counsel

cc:    Mayor James M. Baker
       John Sigler

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER



REDACTED

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

D000504

A3

REDACTED



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

D000254

A4

A0043

REDACTED



CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

D000255

A5

A0044

REDACTED

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

D000293

A6

A0045



REDACTED

**Page 2 of 2**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          D000294

A7

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

JANE DOE,                                    )
                                             )
                              Plaintiff,     )
                                             )
         v.                                  )
                                             )  C.A. No.
WILMINGTON HOUSING AUTHORITY                 )
and FREDERICK S. PURNELL, SR., in his        )  [Removed from the Court of Chancery
official capacity as executive director of the )  for the State of Delaware, Case No.
Wilmington Housing Authority,                )  5521]
                                             )
                              Defendants.    )
                                             )

## NOTICE OF REMOVAL OF PENDING STATE COURT ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE:**

       **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendants Wilmington Housing Authority and Frederick S. Purnell, Sr., in his official capacity as Executive Director of the Wilmington Housing Authority (collectively, the "Defendants"), hereby remove to this Court the state-court action described in Paragraph 1 below and filed by Plaintiff Jane Doe.

### THE REMOVED CASE

       1.    The removed case is a civil action filed on May 26, 2010 in the Court of Chancery of the State of Delaware, styled *Doe v. Wilmington Housing Authority, et al.*, Case No. 5521 (the "Removed Case"), which is incorporated herein, as if set forth in full.

### GROUNDS FOR REMOVAL

       2.    This action is removable pursuant to 28 U.S.C. §§ 1441(b) and 1331, because Plaintiff alleges a cause of action arising under the Constitution and laws of the United States.  Compl. ¶ 4 ("pursuant to 42 U.S.C. § 1983, Plaintiff seeks to redress the deprivation . . .

of rights, privileges or immunities secured by the Constitution and the laws of the United States").

## PAPERS IN THE REMOVED ACTION

3.      As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A are true and correct copies of all process, pleadings, orders, and other papers on file in the Removed Case.

## REMOVAL IS TIMELY

4.      The complaint in the Removed Case was filed on May 26, 2010. *See* Exhibit A. This Notice of Removal is filed within thirty (30) days following May 26, 2010, and therefore is timely under 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

## VENUE IS PROPER IN THIS DISTRICT AND DIVISION

5.      Venue in the District of Delaware is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action is pending.

## FILING OF REMOVAL PAPERS

6.      Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being given simultaneously to Plaintiff's counsel, and a Notice of Filing of Notice of Removal is being filed with the Court of Chancery of the State of Delaware. A true and correct copy of that Notice is attached hereto as Exhibit B.

WHEREFORE, Defendants hereby remove the above captioned action from the Court of Chancery of the State of Delaware, and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby, Esquire (I.D. No. 1016)
Lauren E. Moak, Esquire (I.D. No. 5366)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
E-mail:  bwilloughby@ycst.com
*Attorneys for Defendants*

Dated:  June 1, 2010

# EXHIBIT

# A

# D.I.

# 1

EFiled: May 27 2010 12:31PM EDT
Transaction ID 31341928
Case No. 5521-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

JANE DOE,                                    :
                                             :
    Plaintiff,                             :
                                             :
    v.                                     : C.A. No.
                                             :
WILMINGTON HOUSING AUTHORITY and             :
FREDERICK S. PURNELL, SR., in his official   :
capacity as executive director of the        :
Wilmington Housing Authority,                :
                                             :
    Defendants.                            :

### VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jane Doe, ("Plaintiff"), by and through her undersigned attorneys, hereby files this Verified Complaint For Injunctive Relief against Defendants, Wilmington Housing Authority and Frederick S. Purnell, Sr. (collectively, "Defendants"), and assert the following:

### Parties

1) Plaintiff Jane Doe is a resident of Parkview Apartments, a public housing facility administered by the Wilmington Housing Authority.

2) Defendant Wilmington Housing Authority ("WHA") is public entity of the State of Delaware created pursuant to 31 *Del. C.* § 4303. Its administrative office is located at 400 N. Walnut Street, Wilmington, Delaware 19801.

3) Frederick S. Purnell, Sr. ("Purnell") is the executive director of the WHA. Upon information and belief, Defendant Purnell is responsible for overseeing enforcement of WHA policies.

## Jurisdiction

4) This Court has subject matter jurisdiction over this matter because Plaintiff seeks injunctive relief and lacks an adequate remedy at law.  In addition, pursuant to 42 U.S.C. § 1983, Plaintiff seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs and usages of the State of Delaware, of rights, privileges or immunities secured by the Constitution and the laws of the United States.

## Background

5) Plaintiff entered a lease agreement with the WHA.

6) Section IX(P) of the WHA lease, entitled "RESIDENT OBLIGATIONS", obligates residents "Not to display, use, or possess or allow members of Resident's household or guests to display, use or possess any firearms, (operable or inoperable) or other dangerous instruments or deadly weapons as defined by the laws of the State of Delaware anywhere on the property of the Authority."

7) Section XIV(A) of the WHA lease, entitled "TERMINATION OF THE LEASE", states: "This Lease may be terminated for serious or repeated violations of material terms of the Lease, or failure to fulfill Resident obligations set forth in Section IX and other terms and conditions herein, or for other good cause." (emphasis in original).

8) Plaintiff has kept, is keeping and/or desires to keep a firearm in her home for personal protection.

9) Section IX(P) of the WHA lease prevents Plaintiff from keeping a firearm in her home.

2

A0053

10) Plaintiff is a responsible law abiding adult who is qualified to own firearms in her home for lawful self defense and other lawful purposes. But for the lease provision, she would forthwith lawfully possess a firearm in her home without the threat of eviction.

11) Defendants were notified via electronic mail and regular mail several months ago that the lease provision violated the constitutional right to keep and bear arms of their tenants.

12) To date Defendants have failed to restore the constitutional right to keep and bear arms of their tenants, such as by abrogating the lease provision prohibiting possession or use of firearms in their housing units.

13) Upon learning that Plaintiff intended to seek legal advice regarding this prohibition against keeping firearms in her own home, agents of Defendants tried to intimidate Plaintiff by approaching her at her apartment door in an attempt to discourage her from pursuing her rights, such as proceeding with this case.

14) At all relevant times, Defendants acted under color of law of the State of Delaware. *See Wilmington Housing Authority v. Williamson,* 228 A.782, 787 (1967) (Wilmington Housing Authority is a state agency).

15) Defendants threatened to enforce or have enforced the lease provision prohibiting lawful use and possession of firearms against Plaintiff through the threat of eviction.

16) The above deprivation of the right to keep and bear arms applies only to low-income persons who reside in public housing, a type of government housing. Wealthier persons who live in another type of government housing, such as the Governor of the State of Delaware, are not deprived of the right to keep and bear arms. Similarly, persons who can afford to live in private housing are not deprived of this right.

3

A0054

**Basis For Injunctive Relief**

17)    There is a reasonable probability that Plaintiff will succeed on the merits of this action because Defendants' lease provision prohibiting lawful possession of firearms clearly violates the Second and Fourteenth Amendments to the United States Constitution, as well as Article I, § 20 of the Delaware State Constitution; and is preempted by existing Delaware law, and/or exceeds the statutory scope of authority granted to Defendants.

18)    A deprivation of constitutional rights can constitute irreparable harm. *See Norfolk Southern Corp. v. Oberly*, 594 F.Supp. 514, 522 (D. Del. 1984).

19)    Defendants are depriving Plaintiff of her constitutional right to keep and bear arms.  Pursuant to the lease, Defendants also threaten to evict Plaintiff from public housing should she choose to exercise her constitutional right to possess firearms in her home.

20)    Plaintiff will be irreparably injured if Defendants are not enjoined from enforcing the lease provision prohibiting lawful possession of firearms.  Without an injunction, Plaintiff has and will continue to suffer adverse effects including the deprivation of her constitutional rights, the threat of eviction and/or retaliation, and increased vulnerability to violent crime.

21)    The irreparable harm to Plaintiff outweighs any potential harm, if any, to Defendants caused by granting the injunctive relief.

22)    Enjoining Defendants from enforcing the lease provision prohibiting lawful possession of firearms serves the public interest because the lease provision violates federal and state constitutional rights.

## COUNT 1 – VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS

23)    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

WM1A 951064v8 05/26/10

A0055

24)     The Second Amendment to the Constitution of the United States provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

25)     The Fourteenth Amendment to the Constitution of the United States provides in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

26)     The Second Amendment is applicable to States through the Fourteenth Amendment. *See Nordyke v. King,* 563 F.3d 439, 457 (9th Cir. 2009) ("We are therefore persuaded that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment and applies it against the states and local governments"); *State of Washington v. Sieyes*, 168 Wash. 276, 291 (Wash. 2010) ("Pursuant to *Duncan* the Second Amendment protects an individual right to bear arms from state interference through the due process clause of the Fourteenth Amendment") (interpreting *Duncan v. Louisiana,* 391 U.S. 145, 149 (1968)).

27)     Defendants' lease provision forbidding the lawful use and possession of firearms infringes upon Plaintiff's right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments.

28)     Defendants' lease provision forbidding the lawful use and possession of firearms is unconstitutional on its face, and as applied to Plaintiff through the threat of eviction from public housing for the violation of the lease provision.

29)     Because Defendants' lease provision forbidding the lawful use and possession of firearms, infringes upon Plaintiff's federal right to keep and bear arms, it is not enforceable.

5

A0056

30)     Plaintiff has no adequate remedy at law and seeks injunctive and declaratory relief for the deprivation of her rights, privileges and immunities.

## COUNT 2 – VIOLATION OF STATE CONSTITUTIONAL RIGHTS

31)     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

32)     Article I, § 20 of the Delaware State Constitution provides: "A person has the right to keep and bear arms for the defense of self, family, home and State, and for hunting and recreational use."

33)     Defendants' lease provision forbidding the lawful use and possession of firearms, infringes upon Plaintiff's right to keep and bear arms as guaranteed by the Article I, § 20 of the Delaware State Constitution.

34)     Because Defendants' lease provision forbidding the lawful use and possession of firearms, infringes upon Plaintiff's state rights to keep and bear arms, it is not enforceable.

## COUNT 3 – PREEMPTION BY STATE LAW

35)     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

36)     The Delaware General Assembly has enacted a comprehensive regulatory scheme governing the use and possession of firearms.

37)     Within Chapter 9 of Title 24 of the Delaware Code, the Delaware General Assembly established laws governing dealers of firearms, including the following:  a licensing requirement (24 *Del. C.* §§901, 902); prohibition of sales to minor or intoxicated persons (24 *Del. C.* §903); requiring record keeping (24 *Del. C.* §904) and criminal history checks (24 *Del. C.* §904A).

6

A0057

38)     Within Title 11 of the Delaware Code, the Delaware General Assembly established criminal restrictions on the possession of firearms.  The General Assembly passed laws, including but not limited to: laws that require a person to have a license to carry a concealed weapon (11 *Del. C.* §§ 1441, 1441A, 1442); restricting sale, use and possession of sawed-off shotguns and machine guns (11 *Del. C.* § 1444); prohibiting sale or transfer of a firearm to a minor (11 *Del. C.* § 1445); criminalizing possession of a firearm during commission of a felony (11 *Del. C.* §§ 1447, 1447A); prohibiting certain persons from owning, using or purchasing firearms (11 *Del. C.* § 1448); requiring a criminal background check prior to purchase/sale of a firearm (11 *Del. C.* § 1448A); criminalizing the act of giving a firearm to a prohibited person or engaging in a sale or purchase of a firearm on behalf of a person not legally allowed to sell or purchase firearms (11 *Del. C.* §§ 1454, 1455); criminalizing unlawfully permitting a minor access to a firearm (11 *Del. C.* § 1456).

39)     The Delaware General Assembly has expressly preempted local governments from regulating firearm possession.  Section 111 of Title 22 of the Delaware Code provides in pertinent part:  "The municipal governments shall enact no law, ordinance or regulation prohibiting, restricting or licensing the ownership, transfer, possession or transportation of firearms or components of firearms or ammunition except that the discharge of a firearm may be regulated".

40)     The Delaware General Assembly has expressly preempted county governments from regulating firearms possession.  Section 330(c) of Title 9 provides in pertinent part:  "The county governments shall enact no law or regulation prohibiting, restricting or licensing the ownership, transfer, possession or transportation of firearms or components of firearms or ammunition except that the discharge of a firearm may be regulated; provided any law,

7

ordinance or regulation incorporates the justification defenses as found in Title 11 of the Delaware Code."

41)     Defendants' lease provision forbidding the lawful use and possession of firearms is inconsistent with and preempted by the comprehensive regulatory scheme provided by the Delaware General Assembly.

### COUNT 4 – EXCEEDING SCOPE OF AUTHORITY

42)     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

43)     Defendants have no authority to deprive their residents of firearms for lawful protection contrary to the State regulatory scheme. *See* 31 *Del. C.* §§ 4301 *et seq.*

44)     An administrative agency has limited powers. It may only act within the scope of authority delineated by the statute creating the agency. Therefore, unless an agency is empowered to do so, it may not make rules in an area where the legislature has demonstrated its exclusive intent to regulate the field.

45)     By depriving Plaintiff of the lawful use and possession of firearms, Defendants degrade rather than "promote and protect the health, safety, morals and welfare of the public," contrary to its legislative purpose. *See* 31 *Del. C.* § 4302.

### COUNT 5– DECLARATORY RELIEF UNDER 10 *DEL. C.* § 6501

46)     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth in full herein.

47)     A clear controversy exists between Plaintiff and Defendants as to whether the Defendants' lease provision forbidding residents to use and possess firearms is unlawful.

8

A0059

48)     Plaintiff seeks a declaratory judgment that Defendants' lease provision forbidding residents to use and possess firearms is unlawful because it violates the Second and Fourteenth Amendments to the United States Constitution, as well as Article I, § 20 of the Delaware State Constitution; and is preempted by existing Delaware law, and/or exceeds the statutory scope of authority granted to Defendants.

49)     A declaratory judgment is necessary and proper in order to determine whether the Defendants' lease provision forbidding residents to use and possess firearms is unlawful.

**WHEREFORE**, Plaintiff, Jane Doe, requests the following relief:

1)     That this Court render a declaratory judgment that Defendants' attempt to enforce the lease provision prohibiting lawful possession of firearms violates the Second and Fourteenth Amendments to the United States Constitution, as well as Article I, § 20 of the Delaware State Constitution; and is preempted by existing Delaware law, and/or exceeds the statutory scope of authority granted to Defendants;

2)     That this Court issue a Preliminary and Permanent Injunction enjoining and restraining Defendants from enforcing the lease provision prohibiting lawful possession of firearms;

3)     Award Plaintiff relief as provided by statute and common law;

4)     Award Plaintiff attorney's fees and costs pursuant to 42 U.S.C. § 1988(b) and any other pertinent provision of law;

9

A0060

5)      Award such other and further relief as the Court deems just and proper, including

costs, pre-judgment and post-judgment interest.


                              FOX ROTHSCHILD LLP


                         By:_____/s/ Francis G.X. Pileggi_____
                              Francis G.X. Pileggi (Del. Bar No. 2624)
                              Maura L. Burke (Del. Bar No. 5313)
                              Citizens Bank Center
                              919 North Market Street, Suite 1300
                              Wilmington, Delaware  19801
                              (302) 655-3667

                              *Attorneys for Plaintiff Jane Doe*

Date:  May 26, 2010

WM1A 951064v8 05/26/10

05/27/2010 11:19 FAX   302 856 5778          GEORGETOWN Reg Chancery

EFiled: May 27 2010 12:31PM EDT
Transaction ID 31341928
Case No. 5521-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

JANE DOE,                                    :
                                             :
          Plaintiff,                         :
                                             :
     v.                                      :  C.A. No.
                                             :
WILMINGTON HOUSING AUTHORITY and             :
FREDERICK S. PURNELL, SR., in his official   :
capacity as executive director of the        :
Wilmington Housing Authority,                :
                                             :
          Defendants.                        :

### ORDER

Upon review of Plaintiff's Verified Complaint; Motion to Proceed Under A Pseudonym;

Memorandum of Law in Support of Plaintiff's Motion to Proceed Under A Pseudonym, and any

reply thereto, it is hereby ORDERED that Plaintiff in this action may proceed under the

pseudonym "Jane Doe".

**IT IS SO ORDERED**

Dated: May 26, 2010

*William B. Chandler III*

WM1A 954763v1 05/26/10

A0062

EFiled: May 27 2010 12:31PM EDT
Transaction ID 31341928
Case No. 5521-

SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(a)
OF THE RULES OF THE COURT OF CHANCERY

The information contained herein is for the use by the Court for statistical and administrative purposes only.  Nothing stated herein shall be deemed an admission by or binding upon any party.

1.  Caption of Case:
    JANE DOE,
            Plaintiff,
                v.
    WILMINGTON HOUSING AUTHORITY and FREDERICK S. PURNELL, SR., in his official capacity as executive director of the Wilmington Housing Authority,
            Defendants.

2.  Date Filed:  May 26, 2010.

3.  Name and address of counsel for plaintiff:   Francis G.X. Pileggi (Del. Bar # 2624)
                                                 Maura L. Burke (Del. Bar # 5313)
                                                 919 N. Market St., Suite 1300
                                                 Wilmington, DE  19801
                                                 Phone:  (302) 654-7444

4.  Short statement and nature of claim asserted:   Violation of constitutional rights.

5.  Substantive field of law involved (check one):

    ____ Administrative law              ____ Trade secrets/trade mark/
    ____ Commercial law                       or other intellectual
    _X_ Constitutional law                    property
    ____ Corporation law                 ____ Trusts*
    ____ Guardianships                   ____ Wills and estates*+
    ____ Labor law                       ____ Zoning
    ____ Real Property                   ____ Other

+6.  Related case(s), including any Register of Wills matters, which requires copies of all documents in this matter to be filed with the Register of Wills:  N/A.

7.  Basis of court's jurisdiction (including the citation of any statute conferring jurisdiction):  Plaintiff seeks injunctive relief and has no adequate remedy at law.

8.  If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought. Plaintiff seeks a preliminary injunction barring Defendants from enforcing a lease provision.

9A. If the complaint seeks summary proceedings, check here____.

9B. If the complaint seeks expedited proceedings, check here _X_.  A formal motion must accompany this request.

*10. If the complaint is one that in the opinion of counsel should not be assigned to a Master in the first instance, check here and attach a statement of good cause.  _____

                        ___/s/ Francis G.X. Pileggi, Esquire_____
                        Francis G.X. Pileggi, Esquire (No. 2624)

EFiled: May 27 2010 12:31PM EDT
Transaction ID 31341928
Case No. 5521-

## VERIFICATION

STATE OF DELAWARE        :
                                     : SS.

NEW CASTLE COUNTY       :

Jane Doe being duly sworn, deposes and says:

I, Jane Doe, am familiar with the facts in the attached Complaint. I have read the foregoing Complaint, and the contents are true and correct to the best of my knowledge, information and belief.

_____
Jane Doe

SUBSCRIBED AND SWORN TO
before me this 25ᵗʰ day of May,
2010.

_____
Notary Public

F.G.X. PILEGGI, ESQ.
NOTARIAL ACTS BY
DELAWARE ATTORNEY
AUTHORIZED BY
29 Del. C. Sec. 4323(a)(3)

EFiled: May 27 2010 12:31[...]
Transaction ID 31341928
Case No. 5521-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

JANE DOE,                                          :
                                                   :
      Plaintiff,                                  :
                                                   :
v.                                                 :   C.A. No.
                                                   :
WILMINGTON HOUSING AUTHORITY and                   :
FREDERICK S. PURNELL, SR., in his official         :
capacity as executive director of the             :
Wilmington Housing Authority,                      :
                                                   :
      Defendants.                                 :

### PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS AND DISCOVERY

      Plaintiff, Jane Doe, ("Plaintiff"), by and through her attorneys, Fox Rothschild LLP, hereby

moves for an Order in the form attached hereto granting leave for expedited proceedings and to

take expedited discovery. In support thereof, the Plaintiff avers as follows:

### I.     Background

      1.     A Motion for Preliminary Injunction has been filed contemporaneously with the

Complaint in this matter.

      2.     Plaintiff is a resident of Parkview Apartment, a public housing facility administered

by Defendant, Wilmington Housing Authority ("WHA"). Defendant Frederick S. Purnell, Sr.

("Purnell" together with Wilmington Housing Authority, "Defendants") is the executive director of

the WHA.

      3.     Section IX(P) of the WHA lease, entitled "RESIDENT OBLIGATIONS", obligates

residents "Not to display, use, or possess or allow members of Resident's household or guests to

display, use or possess any firearms, (operable or inoperable) or other dangerous instruments or

deadly weapons as defined by the laws of the State of Delaware anywhere on the property of the Authority."

4.     Section XIV(A) of the WHA lease, entitled "TERMINATION OF THE LEASE", states: "This Lease may be terminated for serious or repeated violations of material terms of the Lease, or failure to fulfill Resident obligations set forth in Section IX and other terms and conditions herein, or for other good cause." (emphasis in original).

5.     Plaintiff is a responsible law abiding adult who is qualified to own firearms in her home for lawful self defense and other lawful purposes. Plaintiff has kept, is keeping and/or desires to keep a firearm in her home for personal protection. Section IX(P) of the WHA lease prevents Plaintiff from keeping a firearm in her home. But for the lease provision, she would forthwith lawfully possess a firearm in her home without the threat of eviction.

6.     Although Defendants were notified via electronic mail and regular mail several months ago that the lease provision violated the constitutional right to keep and bear arms of its tenants, to date Defendants have failed to restore the constitutional rights to keep and bear arms of its tenants, such as by abrogating the lease provision prohibiting possession of firearms in its housing units.

7.     Upon learning that Plaintiff intended to seek legal advice regarding this prohibition against keeping firearms in her own home, agents of Defendants tried to intimidate Plaintiff by approaching her at her apartment door in an attempt to discourage her from pursuing her rights, such as proceeding with this case.

## II.     Irreparable Harm

8.     Plaintiff will be irreparably harmed if Defendants are allowed to enforce the lease provision prohibiting the lawful use and/or possession of firearms because she is being deprived of

2

A0066

her federal and state constitutional rights to keep and bear arms. *See Norfolk Southern Corp. v. Oberly*, 594 F.Supp. 514, 522 (D. Del. 1984) (holding a deprivation of constitutional rights can constitute irreparable harm).

9.      Additionally, as in this case where Defendants have the power to evict Plaintiff, the potential for retaliation is real. The threat of eviction is particularly devastating to Plaintiff because of her need for public housing. Plaintiff is especially vulnerable because she does not possess the resources to seek housing elsewhere.

10.     Time is of the essence due to the immediate harm that could be suffered by Plaintiff with respect to the prolonged deprivation of her constitutional rights, including the imminent possibility of eviction and/or retaliation, and increased vulnerability to violent crime.

### III.   Legal Argument

11.     Plaintiff seeks expedited proceedings because the likely harm to Plaintiff is imminent. *See Greenfield v. Caporella*, Del. Ch., 1986 WL 13977, *2 (Del. Ch. Dec. 3, 1986) (court has discretion to grant expedited proceedings upon good cause shown) (attached as Exhibit "A"). The costs of expediting this case are outweighed by the threat of harm to Defendants. *See generally Giammargo v. Snapple Beverage Corp.*, 1994 WL 672698, *2 (Del. Ch. Nov 15, 1994) (attached as Exhibit "B").

12.     Plaintiff has established a colorable claim for enjoining Defendants from enforcing the lease provision prohibiting the lawful use and possession of firearms. *See Police & Fire Ret. Sys. v. Bernal*, 2009 WL 1873144, *1 (Del. Ch. June 26, 2009) (Factual allegations in the complaint must demonstrate that plaintiffs have a colorable claim) (attached as Exhibit "C").

13.     Additionally, motions for expedited discovery are granted to the extent necessary to prepare for preliminary injunctive relief. *See, e.g., SBC Interactive, Inc. v. Corporate Media*

3

*Partners,* 1997 WL 770715, *2 (Del. Ch. Dec. 9, 1997) (expedited discovery ordered on plaintiff's motion for preliminary injunction to prevent defendants from proceeding with arbitration) (attached as Exhibit "D"). Plaintiff is filing a Motion for Preliminary Injunction along with the Complaint in this case.

14.     In order to avoid the irreparable harm Plaintiff will suffer, Plaintiff seeks an expedited hearing on her motion for a preliminary injunction, as well as an expedited deadline for dates for depositions and responses to interrogatories and requests for production of documents, so that a record will be available for the court at expedited hearings.

15.     Plaintiff does not request an accelerated scheduling order akin to a matter seeking a temporary restraining order, however Plaintiff does require a timetable with more alacrity than associated with conventional cases due to the urgency of this matter.

## IV.     Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order in the form attached, providing for an Expedited Proceeding and Discovery.

FOX ROTHSCHILD LLP

By:     /s/ Francis G.X. Pileggi
        Francis G.X. Pileggi (Del. Bar No. 2624)
        Maura L. Burke (Del. Bar No. 5313)
        Citizens Bank Center
        919 North Market Street, Suite 1300
        Wilmington, Delaware  19801
        (302) 655-3667

        *Attorneys for Plaintiff Jane Doe*

Date: May 26, 2010

A0068

EFiled: May 27 2010 12:31P EDT
Transaction ID 31341928
Case No. 5521-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JANE DOE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. |
| | : |
| WILMINGTON HOUSING AUTHORITY and | : |
| FREDERICK S. PURNELL, SR., in his official | : |
| capacity as executive director of the | : |
| Wilmington Housing Authority, | : |
| | : |
| Defendants. | : |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Court of Chancery Rule 65, Plaintiff, Jane Doe ("Plaintiff"), by and through

her attorneys, Fox Rothschild LLP, hereby moves this Court for a Preliminary Injunction against

Defendants, Wilmington Housing Authority and Frederick S. Purnell, Sr. In support of the

Motion, Plaintiff incorporates the Memorandum of Law in Support of Plaintiff's Motion For

Preliminary Injunction filed contemporaneously herewith.

FOX ROTHSCHILD LLP

By:    /s/ Francis G.X. Pileggi
       Francis G.X. Pileggi (Del. Bar No. 2624)
       Maura L. Burke (Del. Bar No. 5313)
       Citizens Bank Center
       919 North Market Street, Suite 1300
       Wilmington, Delaware 19801
       (302) 655-3667

       *Attorneys for Plaintiff Jane Doe*

Date: May 26, 2010

WM1A 952907v1 05/26/10

A0069

EFiled: May 27 2010 12:31PM EDT
Transaction ID 31341928
Case No. 5521-



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
Tel 302.654.7444 Fax 302.656.8920
www.foxrothschild.com

Francis G.X. Pileggi
Direct Dial: (302) 622-4201
Email Address: fpileggi@foxrothschild.com
Blog: www.delawarelitigation.com

May 26, 2010

VIA eFILING

Kenneth J. Lagowski
Register in Chancery's Office
Chancery Court
500 N. King Street
Wilmington, DE 19801

Re:    *Jane Doe v. Wilmington Housing Authority, et al.*

Dear Mr. Lagowski:

Please issue two summonses for service upon Defendants, Wilmington Housing Authority and its executive director, Frederick S. Purnell, Sr., pursuant to 8 Del. C. § 321, to be served at the Wilmington Housing Authority's administrative office located at 400 N. Walnut Street, Wilmington, Delaware 19801.

Please call me at 302-622-4201 when the summons is prepared so that we can arrange for service as soon as possible by Parcels, Inc. If you need any additional information or have any questions, please do not hesitate to call.

Thank you in advance for your cooperation.

Very truly yours,

*/s/ Francis G.X. Pileggi (#2624)*

Francis G.X. Pileggi, Esquire

EFiled: May 27 2010 12:31PM EDT
Transaction ID 31341928
Case No. 5521-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JANE DOE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. |
| | : |
| WILMINGTON HOUSING AUTHORITY and | : |
| FREDERICK S. PURNELL, SR., in his official | : |
| capacity as executive director of the | : |
| Wilmington Housing Authority, | : |
| | : |
| Defendants. | : |

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Jane Doe, ("Plaintiff"), by and through her attorneys, Fox Rothschild LLP, hereby moves this Court for a preliminary injunction (the "Motion") pending a full hearing on her claims. In support of the Motion, Plaintiff states as follows:

## I.    STATEMENT OF FACTS

Plaintiff is a resident of Parkview Apartments, a public housing facility in Wilmington, Delaware, administered by Defendant Wilmington Housing Authority ("WHA"). Defendant Frederick S. Purnell, Sr. ("Purnell") is the executive director of the WHA. Purnell together with the WHA are hereinafter referred to as "Defendants".

Section IX(P) of the WHA lease, entitled "RESIDENT OBLIGATIONS", obligates residents "Not to display, use, or possess or allow members of Resident's household or guests to display, use or possess any firearms, (operable or inoperable) or other dangerous instruments or deadly weapons as defined by the laws of the State of Delaware anywhere on the property of the Authority."

Section XIV(A) of the WHA lease, entitled "TERMINATION OF THE LEASE", states: "This Lease may be terminated for serious or repeated violations of material terms of the Lease, or failure to fulfill Resident obligations set forth in Section IX and other terms and conditions herein, or for other good cause." (emphasis in original).

Plaintiff is a responsible law abiding adult who is qualified to own firearms in her home for lawful self defense and other lawful purposes. Plaintiff has kept, is keeping and/or desires to keep a firearm in her home for personal protection. Section IX(P) of the WHA lease prevents Plaintiff from keeping a firearm in her home. But for the lease provision, Plaintiff would forthwith lawfully possess a firearm in her home without the threat of eviction.

Although Defendants were notified via electronic mail and regular mail several months ago that Defendants' lease provision violated the constitutional right to keep and bear arms of their tenants, to date Defendants have failed to restore the constitutional rights to keep and bear arms of their tenants, such as by abrogating the lease provision prohibiting possession of firearms in its housing units.

## II.   ARGUMENT

### A.   Plaintiff is Entitled to a Preliminary Injunction Against Defendants.

The standard for preliminary injunctive relief is well established. To obtain the extraordinary remedy of a preliminary injunction, Plaintiff must demonstrate: (i) a reasonable probability that she will succeed on the merits of her claims, (ii) that she will suffer imminent irreparable harm if preliminary injunctive relief is denied, and (iii) that the harm to Plaintiff if relief is denied outweighs the harm to Defendants if relief is granted. *See Argyle Solutions, Inc. v. Professional Systems Corp.*, 2009 WL 1204351, *2 (Del. Ch. May 4, 2009); *Lefkowitz v. HWF*

WM1A 954767v1 05/26/10

*Holdings, LLC,* 2009 WL 3806299, *2 (Del. Ch. Nov. 13, 2009); *LC Capital Master Fund, Ltd. v. James,* 990 A.2d 435, 444 (Del. Ch. 2010). In the instant action, this standard is clearly met.

### 1.   Plaintiff Can Demonstrate a Reasonable Probability of Success Exists on the Merits.

It is clear that there exists a reasonable probability that Plaintiff will succeed on the merits. Plaintiff has asserted in the Complaint and can establish that the lease provision prohibiting the lawful use and possession of firearms violates the Second and Fourteenth Amendments to the United States Constitution. Therefore, Plaintiff can demonstrate a valid 42 U.S.C. § 1983 action. Plaintiff can also establish that the lease provision violates Article I, § 20 of the Delaware State Constitution; and is preempted by existing Delaware law, and/or exceeds the statutory scope of authority granted to Defendants.

### a.   Plaintiff's Assertion Pursuant to Section 1983 is Proper Because the Lease Provision Violates the Federal Constitution.

Defendant's lease provision forbidding the lawful use and possession of firearms deprives Plaintiff of her right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution, and therefore Plaintiff's assertion of Title 42, § 1983 of the United States Code (the Civil Rights Act) is proper.[1]

Section 1983 provides in pertinent part: "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress . . . ."

---

[1] State courts have concurrent jurisdiction with federal courts over § 1983 claims. *See* Martin A. Schwartz, SECTION 1983 LITIGATION: CLAIMS AND DEFENSES, § 2.01[C][3], Vol. 1 (4th ed. 2009), hereinafter referred to as "SECTION 1983 LITIGATION" (citing *Howlett v.Rose,* 496 U.S. 356, 378 n.20 (1990)).

3

A0073

At all relevant times, Defendants have acted under color of law of the State of Delaware because the WHA is a state agency. *See Wilmington Housing Authority v. Williamson*, 228 A.2d 782, 787 (1967) (Wilmington Housing Authority is a state agency). Defendants threatened to enforce or have enforced the lease provision prohibiting lawful use and possession of firearms against Plaintiff through the possibility or threat of eviction.

The Second Amendment to the Constitution of the United States provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." *See District of Columbia v. Heller*, 128 S.Ct. 2783, 2821-22 (1988) (holding "that the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense").[2]

The Fourteenth Amendment to the Constitution of the United States provides in pertinent part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The Second Amendment is applicable to the States through the Fourteenth Amendment. *See Nordyke v. King*, 563 F.3d 439, 457 (9th Cir. 2009) ("We are therefore persuaded that the Due Process Clause of the Fourteenth Amendment incorporates the

---

[2] The Second Amendment codified rather than created the right to bear arms. *See Heller*, 128 S.Ct. at 2802 ("[T]he Second Amendment was not intended to lay down a 'novel principle' but rather codified a right 'inherited from our English ancestors'") (quoting *Robertson v. Baldwin*, 165 U.S. 275, 281, 17 S.Ct. 326, 41 L.Ed. 715 (1897)); *see also* STEPHEN P. HALBROOK, SECURING CIVIL RIGHTS, 169 (Independent 2010) (the right to bear arms is a fundamental right "coequal with other Bill of Rights guarantees") (citing B. Kendrick, THE JOURNAL OF THE JOINT COMMITTEE OF FIFTEEN ON RECONSTRUCTION 46 (1914); *see, generally, Washington v. Sieyes*, 168 Wash. 276, 284-85 (Wash. 2010) ("Americans who participated in the Revolution of 1776 and adopted the Bill of Rights held the individual right to have and use arms against tyranny to be fundamental.") (quoting STEPHEN P. HALBROOK, THAT EVERY MAN BE ARMED: THE EVOLUTION OF A CONSTITUTIONAL RIGHT 55 (1984)).

4

Second Amendment and applies it against the states and local governments"); *State of Washington v. Sieyes*, 168 Wash. 276, 291 (Wash. 2010) ("Pursuant to *Duncan* the Second Amendment protects an individual right to bear arms from state interference through the due process clause of the Fourteenth Amendment") (interpreting *Duncan v. Louisiana,* 391 U.S. 145, 149 (1968)); *see also* STEPHEN P. HALBROOK, SECURING CIVIL RIGHTS, 173 (2010) (concluding that "the right to bear arms is protected against violation by the states" even though the Supreme Court has not explicitly held that the Fourteenth Amendment incorporates the Second Amendment).

Moreover, Defendants, as government entities, cannot require an individual to trade a constitutional right for public benefits. This is referred to as the doctrine of "unconstitutional conditions". *See* Jamie L. Wershbale, *The Second Amendment under a Government Landlord: Is there a Right to Keep and Bear Legal [Fire]arms in Public Housing?,* ST. JOHN'S LAW REVIEW, Vol. 84, available at http://papers.ssrn.com/sol3/papers.cfm?abstract_id=1555405, at 42-43 (citing Jason S. Thaler, Note, *Public Housing Consent Clauses: Unconstitutional Condition or Constitutional Necessity?,* 63 FORDHAM L. REV. 1777, 1795(1995)). An "unconstitutional condition exists when an unfair exchange occurs—a citizen trades an enumerated right to the government for a specific benefit." *See id.* (citing *Palmer v. Valdez,* 560 F.3d 965, 972 (9th Cir. 2009) (citing *Nollan v. Cal. Coastal Comm'n,* 483 U.S. 825, 837 (1987); and Kathleen M. Sullivan, *Unconstitutional Conditions,* 102 HARV. L. REV. 1413, 1460 (1989)).

"The denial of a public benefit may not be used by the government for the purpose of creating an incentive enabling it to achieve that which it may not command directly." *Elrod v. Burns,* 427 U.S. 347, 361 (1976). "Even though government is under no obligation to provide a person, or the public, a particular benefit, it does not follow that conferral of the benefit may be

A0075

conditioned on the surrender of a constitutional right." *44 Liquormart v. Rhode Island*, 517 U.S. 484, 513 (1996). Moreover, Defendants may not forbid lawful property in the privacy of one's home, even if it is public housing. *See Department of Defense v. FLRA*, 510 U.S. 487, 501-02 (1994) ("We are reluctant to disparage the privacy of the home, which is accorded special consideration in our Constitution, laws, and traditions.") Persons in public housing have the same legal rights to possess lawful property and to take measures to defend their lives as do persons who reside elsewhere.

By prohibiting Plaintiff from exercising her right to lawfully keep and bear firearms, Defendants have violated Plaintiff's Second and Fourteenth Amendment rights. *See Nordyke*, 563 F.3d at 457; *Sieyes*, 168 Wash. at 276; *see also* HALBROOK, SECURING CIVIL RIGHTS at 173. Therefore, Defendants' lease provision forbidding the lawful use and possession of firearms is unconstitutional on its face as well as applied to Plaintiff through the threat of eviction from public housing for the violation of the lease provision.

Additionally, Defendants have created an unconstitutional condition on the receipt of a public benefit. Finally, Plaintiffs have no adequate remedy at law and seek injunctive and declaratory relief for the deprivation of their rights, privileges and immunities. Accordingly, Plaintiffs have a reasonable probability of success on the merits with respect to their claim pursuant to § 1983.

### b. Plaintiff Can Establish a Violation of State Constitutional Rights.

Defendants' lease provision forbidding the lawful use and possession of firearms, infringes upon Plaintiff's right to keep and bear arms as guaranteed by Article I, § 20 of the Delaware State Constitution. Article I, § 20 of the Delaware State Constitution provides: "A

person has the right to keep and bear arms for the defense of self, family, home and State, and for hunting and recreational use."

By prohibiting Plaintiff from exercising her right to lawfully keep and bear firearms, Defendants have violated Plaintiff's right as guaranteed by the Delaware State Constitution. Accordingly, Plaintiff has a reasonable probability of success on the merits with respect to her claim of violation of the state constitution.

### c.  Plaintiff Can Establish Preemption by State Law.

Defendant's lease provision forbidding the lawful use and possession of firearms is inconsistent with and preempted by the comprehensive regulatory scheme provided by the Delaware General Assembly. *See, generally, Cantinca v. Fontana*, 884 A.2d 468, 473, (Del. 2005) ("[W]here [a] conflict exists between a state statute and a municipal ordinance, the statute must always prevail") (quoting *State v. Putnam*, 552 A.2d 1247, 1249 (Del. Super. 1998)); *see also id.* at 473, n. 23 (holding preemption may be evidenced by express intent or implied intent, which exists *inter alia* "where the legislature has enacted a comprehensive regulatory scheme in such a manner as to demonstrate a legislative intention that the field is preempted by state law") (internal quotation and citation omitted).

The Delaware General Assembly has enacted a comprehensive regulatory scheme governing the use and possession of firearms. Within Chapter 9 of Title 24 of the Delaware Code, the Delaware General Assembly established laws governing dealers of firearms, including the following: a licensing requirement (24 *Del. C.* §§901, 902); prohibition of sales to minor or intoxicated persons (24 *Del. C.* §903); requiring record keeping (24 *Del. C.* §904) and criminal history checks (24 *Del. C.* §904A).

7

A0077

Additionally, within Title 11 of the Delaware Code, the Delaware General Assembly established a comprehensive framework governing firearms, including: laws that require a person to have a license to carry a concealed weapon (11 *Del. C.* §§ 1441, 1441A, 1442); restricting sale, use and possession of sawed-off shotguns and machine guns (11 *Del. C.* § 1444); prohibiting sale or transfer of a firearm to a minor (11 *Del. C.* § 1445); criminalizing possession of a firearm during commission of a felony (11 *Del. C.* §§ 1447, 1447A); prohibiting certain persons from owning, using or purchasing firearms (11 *Del. C.* § 1448); requiring a criminal background check prior to purchase/sale of a firearm (11 *Del. C.* § 1448A); criminalizing the act of giving a firearm to a prohibited person or engaging in a sale or purchase of a firearm on behalf of a person not legally allowed to sell or purchase firearms (11 *Del. C.* §§ 1454, 1455); criminalizing unlawfully permitting a minor access to a firearm (11 *Del. C.* § 1456).

Moreover, the Delaware General Assembly has expressly preempted local governments and counties from regulating firearm possession. Section 111 of Title 22 of the Delaware Code provides in pertinent part: "The municipal governments shall enact no law, ordinance or regulation prohibiting, restricting or licensing the ownership, transfer, possession or transportation of firearms or components of firearms or ammunition except that the discharge of a firearm may be regulated". And, section 330(c) of Title 9 provides in pertinent part: "The county governments shall enact no law or regulation prohibiting, restricting or licensing the ownership, transfer, possession or transportation of firearms or components of firearms or ammunition except that the discharge of a firearm may be regulated; provided any law, ordinance or regulation incorporates the justification defenses as found in Title 11 of the Delaware Code."

WM1A 954767v1 05/26/10

Defendant's lease provision forbidding the lawful use and possession of firearms is inconsistent with, and therefore preempted by the comprehensive regulatory scheme provided by the Delaware General Assembly. Accordingly, Plaintiff has a reasonable probability of success on the merits with respect to her claim that the lease provision is inconsistent and preempted by the state law.

### d.  Defendants Exceeded the Scope of Their Authority.

Defendants have no authority to deprive Plaintiff of firearms for lawful protection contrary to the State regulatory scheme. 31 *Del. C.* § 4002. As an administrative agency, the WHA has limited powers. It may only act within the scope of authority delineated by the statute creating the agency. *See Wilmington Vitamin & Cosmetic Corp. v. Tigue*, 183 A.2d 731, 740 (Del. Super. 1962) (citations omitted) (finding an agency may not decide matters that are not justified under the statute creating the agency); *Kreshtool v. Delmarva Power & Light Co.*, 310 A.2d 649, 654 (Del. Super. 1973) ("The powers of an administrative agency must be exercised in accordance with the statute conferring power upon it. An agency's authority to act depends upon compliance with the procedural provisions laid down in the statute").

Pursuant to its governing statute, the WHA is not empowered to make rules in an area where the legislature has demonstrated its exclusive intent to regulate the field. *See* 31 *Del. C.* §§ 4302 ("Legislative purpose") and 4308 ("Powers of authority"). Moreover, pursuant to 31 *Del. C.* §§ 4301 *et seq.*, the WHA's authority does not allow it to prohibit its residents from the lawful possession or use of firearms. In fact, by depriving Plaintiff of the lawful use and possession of firearms, Defendants degrade rather than "promote and protect the health, safety, morals and welfare of the public," contrary to its legislative purpose. *See* 31 *Del. C.* § 4302. Thus, Plaintiff can establish that Defendants exceed their authority.

9

### 2.   Plaintiff Will Be Irreparably Harmed if Defendants are Allowed to Enforce the Lease Provision.

It is further true that Plaintiff will be irreparably harmed if Defendants are allowed to enforce the lease provision prohibiting the lawful use and possession of firearms.   To demonstrate irreparable harm, a plaintiff must present an injury "of such a nature that no fair and reasonable redress may be had in a court of law and . . . to refuse the injunction would be a denial of justice." *Fletcher Intern., Ltd. v. ION Geophysical Corp.*, 2010 WL 1223782, *4 (Del. Ch. March 24, 2010) (quoting *State v. Del. State Educ. Ass'n,* 326 A.2d 868, 875 (Del. Ch. 1974) (internal quotations omitted)).

A deprivation of constitutional rights can constitute irreparable harm.   *See Norfolk Southern Corp. v. Oberly*, 594 F.Supp. 514, 522 (D. Del. 1984).   Additionally, as in this case where Defendants have the power to evict Plaintiff, the potential for retaliation is real.   The threat of eviction is particularly devastating to Plaintiff because of her need for public housing. Plaintiff is especially vulnerable because she does not possess the resources to seek housing elsewhere.

In this case, Defendants are depriving Plaintiff of her constitutional right to keep and bear firearms.   Without an injunction, Plaintiff has and will continue to suffer adverse effects including the deprivation of her constitutional rights, the threat of eviction and/or retaliation, and increased vulnerability to violent crime.   Injunctive relief is necessary to correct this wrongful deprivation of a fundamental right.

### 3.   The Balance Of The Equities Tips In Favor of Plaintiff.

It is also clear that the balancing of equities tips in favor of Plaintiff as opposed to the Defendants. In determining this final factor:

WM1A 954767v1 05/26/10

A0080

> [A] court must be cautious that its injunctive order does not threaten more harm than good. That is, a court in exercising its discretion to issue or deny such a preliminary remedy must consider all of the foreseeable consequences of its order and balance them. It cannot, in equity, risk greater harm to defendants, the public or other identified interests, in granting the injunction, than it seeks to prevent.

*See Benchmark Capital Partners IV, L.P. v. Vague, et al.,* 2002 WL 1732423, 14, *14 (Del. Ch. Jul. 15, 2002) (citing *Lennane v. Ask Computer Sys., Inc.,* 16 Del. J. Corp. L. 1521 (Del. Ch.1990)); *see also ZRII, LLC v. Wellness Acquisition Group, Inc.,* 2009 WL 2998169, *14 (Del. Ch. Sept. 21, 2009) (the Court must "consider the potential harm in wrongfully granting the injunction, discounted by its probability, against the harm of wrongfully denying the preliminary injunction, discounted by its probability") (citing *HDS Inv. Holding, Inc. v. Home Depot, Inc.,* 2008 WL 4606262, at *9 (Del. Ch. Oct. 17, 2008)).

The balancing of equities tips overwhelmingly in favor of Plaintiff. Without an injunction, Plaintiff will continue to suffer adverse effects including the deprivation of her constitutional rights, the possibility of eviction and/or retaliation, and increased vulnerability to violent crime. On the other hand if the injunction is granted, Defendants will not be harmed in any way, and will be in no worse a position than prior to the injunction. Finally, the public interest will be served because the vindication of federal and state constitutional rights is always in the public interest.

## III.    CONCLUSION

For all of the foregoing reasons, Plaintiff is entitled to preliminary injunctive relief and respectfully requests this Honorable Court to:

(i)      Enter a preliminary and permanent injunction in Plaintiff's favor enjoining and restraining Defendants, Wilmington Housing Authority and Frederick S. Purnell, Sr., from enforcing the lease provision prohibiting lawful possession and use of firearms;

WM1A 954767v1 05/26/10

(ii)     Award Plaintiff relief as provided by statute and common law;

(iii)    Award Plaintiff attorney's fees and costs pursuant to 42 U.S.C. § 1988(b) and any other pertinent provision of law;

(iv)    Award such other and further relief as the Court deems just and proper, including costs, pre-judgment and post-judgment interest.

FOX ROTHSCHILD LLP

By:    /s/ Francis G.X. Pileggi
        Francis G.X. Pileggi (Del. Bar No. 2624)
        Maura L. Burke (Del. Bar No. 5313)
        Citizens Bank Center
        919 North Market Street, Suite 1300
        Wilmington, Delaware  19801
        (302) 655-3667

*Attorneys for Plaintiff Jane Doe*

Date:  May 26, 2010

12

A0082

EFiled: May 27 2010 12:31PM EDT
Transaction ID 31341928
Case No. 5521-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JANE DOE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. |
| | : |
| WILMINGTON HOUSING AUTHORITY and | : |
| FREDERICK S. PURNELL, SR., in his official | : |
| capacity as executive director of the | : |
| Wilmington Housing Authority, | : |
| | : |
| Defendants. | : |

### ORDER

Upon review of Plaintiff's Verified Complaint; Motion for Preliminary Injunction; Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction, and any reply thereto, it is hereby ORDERED that:

Defendants, Wilmington Housing Authority and Frederick S. Purnell, Sr., are enjoined and restrained from enforcing the lease provision and/or policy prohibiting lawful possession of firearms.

**IT IS SO ORDERED**

_____
Vice Chancellor

Dated: May ___, 2010

A0083

# D.I.

# 2

EFiled: May 27 2010 3:09PM EDT
Transaction ID 31348752
Case No. 5521-

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5521 |
| | ) | |
| WILMINGTON HOUSING AUTHORITY | ) | |
| and FREDERICK S. PURNELL, SR., in | ) | |
| his official capacity as executive director | ) | |
| of the Wilmington Housing Authority, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

Please enter the appearance of the undersigned counsel on behalf of the

Defendants, Wilmington Housing Authority and Frederick S. Purnell, Sr., in his official

capacity as executive director of the Wilmington Housing Authority, in the above-

captioned matter.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Barry M. Willoughby
Barry M. Willoughby (I.D. No. 1016)
Lauren E. Moak (I.D. No. 5366)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: (302) 571-6666; (302) 576-3255
Facsimile: (302) 576-3345; (302) 576-3750
E-mail: bwilloughby@ycst.com; lmoak@ycst.com
Attorneys for Defendants

Dated: May 27, 2010

A0085

EFiled: May 27 2010  3:09PM EDT
Transaction ID 31348752
Case No. 5521-

## CERTIFICATE OF SERVICE

I, Barry M. Willoughby, Esquire, hereby certify that on Thursday, May 27, 2010, I

caused a copy of the foregoing Entry of Appearance for Defendants and this Certificate of

Service to be filed and served via LexisNexis File & Serve upon the following:

> Francis G. X. Pileggi (I.D. No. 2624)
> Maura L. Burke (I.D. No. 5313)
> Fox Rothschild LLP
> Citizens Bank Center
> 919 North Market Street, Suite 1300
> Wilmington, DE 19801

> YOUNG CONAWAY STARGATT & TAYLOR, LLP

> */s/ Barry M. Willoughby*
> Barry M. Willoughby, Esquire (No. 1016)
> Lauren E. Moak, Esquire (I.D. No. 5366)
> The Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, Delaware  19899-0391
> Phone: (302) 571-6666; (302) 576-3255
> Facsimile: (302) 576-3345; (302) 576-3750
> bwilloughby@ycst.com; lmoak@ycst.com
> Attorneys for Defendants

# D.I.

# 3

A0087



EFiled: May 28 2010 11:08AM EDT
Transaction ID 31363491
EFiled: May 27 2010 12:31P
Transaction ID 31341928
Case No. 5521-



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
Tel 302.654.7444 Fax 302.656.8920
www.foxrothschild.com

Francis G.X. Pileggi
Direct Dial: (302) 622-4201
Email Address: fpileggi@foxrothschild.com
Blog: www.delawarelitigation.com

*5/27/10 - issued Summons to SPS (2 Copies)*

May 26, 2010

VIA eFILING

Kenneth J. Lagowski
Register in Chancery's Office
Chancery Court
500 N. King Street
Wilmington, DE 19801

Re:   <u>*Jane Doe v. Wilmington Housing Authority, et al.*</u>   *(A 5521-*

Dear Mr. Lagowski:

Please issue two summonses for service upon Defendants, Wilmington Housing Authority and its executive director, Frederick S. Purnell, Sr., pursuant to 8 <u>Del. C.</u> § 321, to be served at the Wilmington Housing Authority's administrative office located at 400 N. Walnut Street, Wilmington, Delaware 19801.

Please call me at 302-622-4201 when the summons is prepared so that we can arrange for service as soon as possible by Parcels, Inc.  If you need any additional information or have any questions, please do not hesitate to call.

Thank you in advance for your cooperation.

Very truly yours,

*/s/ Francis G.X. Pileggi (#2624)*

Francis G.X. Pileggi, Esquire

A0088

EFiled: May 27 2010 12:31PM EDT
Transaction ID 31341928
Case No. 5521-

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

JANE DOE,

       Plaintiff,

v.

WILMINGTON HOUSING AUTHORITY and
FREDERICK S. PURNELL, SR., in his official
capacity as executive director of the
Wilmington Housing Authority,

       Defendants.

: C.A. No. 5521-

: : : : : : : : : : :

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, Jane Doe, ("Plaintiff"), by and through her undersigned attorneys, hereby files



## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JANE DOE,<br><br>                                        Plaintiff,<br><br>v.<br><br>WILMINGTON HOUSING AUTHORITY and<br>FREDERICK S. PURNELL, SR., in his official<br>capacity as executive director of the Wilmington<br>Housing Authority,<br><br>                                        Defendants. | CA #: 5521-<br><br>SUMMONS |

**THE STATE OF DELAWARE**

**TO: SPECIAL PROCESS SERVER – Parcels, Inc.:**

 **YOU ARE COMMANDED:**

   To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon, Francis G.X. Pileggi, Esquire, plaintiff's counsel, whose address is 919 North Market Street, Suite 1300, P.O. Box 2323, Wilmington, Delaware 19899-2323, an answer to the verified complaint.

To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

   In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated: May 27, 2010

Register in Chancery

A0090

Case # 5521-

JANE DOE,

Plaintiff,

v.

WILMINGTON HOUSING AUTHORITY and FREDERICK S. PURNELL, SR., in his official capacity as executive director of the Wilmington Housing Authority,

Defendants.

## SUMMONS

Please effectuate service upon:

1.   Wilmington Housing Authority
2.   Frederick S. Purnell, Sr.

by serving both at the Wilmington Housing Authority's administrative office:

400 N. Walnut Street
Wilmington, DE  19801

pursuant to 8 Del.C. Sec. 321

SERVICE TO BE COMPLETED BY SPECIAL PROCESS SERVER –
Parcels, Inc.

Francis G.X. Pileggi, Esquire
Plaintiff's Attorney

A0091

# EXHIBIT

# B

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 5521 |
| WILMINGTON HOUSING AUTHORITY | ) |
| AND FREDERICK S. PURNELL, SR., IN | ) |
| HIS OFFICIAL CAPACITY AS | ) |
| EXECUTIVE DIRECTOR OF THE | ) |
| WILMINGTON HOUSING AUTHORITY, | ) |
| | ) |
| Defendants. | ) |

## **NOTICE OF FILING OF NOTICE OF REMOVAL**

To:     Francis G.X. Pileggi, Esquire (I.D. No. 2624)
        Maura L. Burke, Esquire (I.D. No. 5313)
        Fox Rothschild LLP
        Citizens Bank Center
        919 North Market Street, Suite 1300
        Wilmington, Delaware 19801
        (302) 655-3667

PLEASE TAKE NOTICE that on the 1st day of June, 2010, the attached Notice

of Removal of the above-captioned action from the Court of Chancery of the State of Delaware

was filed with the Clerk of the United States District Court for the District of Delaware, thereby

effecting the removal of the action from the Court of Chancery and prohibiting further

proceedings in the Court of Chancery in accordance with the provisions of 28 U.S.C. § 1446(d).

{Signature on following page}

050548.1081

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Barry M. Willoughby*
Barry M. Willoughby, Esquire (I.D. No. 1016)
Lauren E. Moak, Esquire (I.D. No. 5366)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6666
Facsimile: (302) 576-3345
Email: bwilloughby@ycst.com
*Attorneys for Defendants*

Dated: June 1, 2010

050548.1081

A0094

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jane Doe | Wilmington Housing Authority and Frederick S. Purnell, Sr., in his official capacity as Executive Director of Wilmington Housing Authority |

| (b) County of Residence of First Listed Plaintiff **New Castle** | County of Residence of First Listed Defendant **New Castle** |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Francis G.X. Pileggi (I.D. No. 2624) ; Maura L. Burke, (I.D. No. 5313); Fox Rothschild LLP 919 North Market Street, Suite 1300, Wilmington, DE 19801 (302) 655-3667 | Barry M. Willoughby (I.D. No. 1016); Lauren E. Moak (I.D. No. 5366) Young Conaway Stargatt & Taylor, LLP 1000 West Street, 17th Floor Wilmington, De 19801 (302) 571-6666 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☒ 230 Rent Lease & Ejectment | ☒ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1441(b) and 1331
Brief description of cause:
Plaintiff alleges a cause of action arising under the Constitution and laws of the United States.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE **William B. Chandler III** DOCKET NUMBER **C.A. No. 5521-CC**

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/01/2010 | [signature] |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

A0095

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**            Example:      U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.