No. 12-3433

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| JANE DOE and CHARLES BOONE,<br><br>    Appellants/Plaintiffs Below,<br><br>    v.<br><br>WILMINGTON HOUSING AUTHORITY and FREDERICK S. PURNELL, SR., in his official capacity as executive director of the Wilmington Housing Authority,<br><br>    Appellees/Defendants Below. | Appeal<br><br>Court Below: United States District Court in and for the District of Delaware<br><br>C.A. No. 10-473-LPS |

**APPELLANTS' REVISED MOTION FOR LEAVE TO FILE AN OVER-LENGTH REPLY BRIEF (DUE TO AN *AMICUS* BRIEF AND JUST-ISSUED DECISION IN *MOORE V. MADIGAN*) EXCEEDING THE LIMITATIONS PRESCRIBED BY FED. R. APP. P. 32(a)(7)**

Appellants Jane Doe and Charles Boone ("Residents") respectfully revise their motion seeking leave to file an over-length reply brief responding in one document jointly to Appellees' Answering Brief and The Brady Center to Prevent Gun Violence's ("The Brady Center") *Amicus Curiae* brief in support of Defendants-Appellees. Additionally, after Residents filed their original motion to exceed the type-volume limitation, the U.S. Court of Appeals for the Seventh Circuit issued an important precedential decision on December 11, 2012, which Residents discuss in their Reply Brief. *See Moore v. Madigan*, --- F.3d ----, 2012 WL 6156062 (7th Cir. Dec. 11, 2012) (Posner, J.) (striking down Illinois' ban on

carrying a gun as unconstitutional under the Second Amendment). The requested Reply Brief would exceed the type-volume limitations established by Federal Rule of Appellate Procedure 32(a)(7). In support of this motion, Residents state as follows:

On November 26, 2012, Appellees filed a 47-page Answering Brief opposing Residents' Opening Appellate Brief.

On November 30, 2012, *Amicus Curiae* The Brady Center filed a 23-page brief in support of Appellees' Answering Brief. The Brady Center did not seek leave of Court to file an *amicus curiae* brief because the parties conditionally consented to the submission with Residents' consent, however, premised on the condition that Residents would have a fair opportunity to respond. Residents would not have consented to the *amicus* brief being filed if they knew they would not have additional space to reply to it.

On December 3, 2012, Residents petitioned this Court for leave to file a separate reply brief responding to The Brady Center's brief, which raises several new issues to which Residents should have an opportunity to respond, including but not limited to the argument that empirical evidence supports Appellees' position in this matter.

On December 6, the Court entered an Order (attached hereto as Ex. 1) extending the time for Residents to file a reply brief until December 17, but

directed Residents to file a single reply brief responding to both Appellees and *Amicus Curiae* The Brady Center. Further, the Court noted that Residents would be required to file a motion for leave to exceed the page limitation for reply briefs set forth in the Federal Rules of Appellate Procedure, if additional space would be needed to adequately respond to **both** briefs in one document.

On December 7, 2012, Residents filed a Motion for Leave to File Reply Brief Exceeding the Page Limitations Prescribed by Fed. R. App. P. 32(a)(7), requesting permission to respond to both Appellees' Answering Brief and *Amicus Curiae* The Brady Center's Brief, in one document at the same time, but with additional length.

Residents' Reply Brief is due today; however, Residents' motion remains pending. Rather than file an over-length brief without the express permission of the Court, Residents are filing an abbreviated version of their Reply Brief conforming with the Federal Rules of Appellate Procedure's type-volume limitations. The abbreviated brief does not fully respond to the expanse of federal and state authority presented by Appellees and The Brady Center.

Residents hereby respectfully revise their Motion for Leave to File Reply Brief Exceeding the Page Limitations Prescribed by Fed. R. App. P. 32(a)(7), and request an opportunity to substitute a more complete—but over-length—brief in place of the abbreviated brief being filed today, so that Residents will have a more

balanced opportunity to reply to two separate parties' briefs and new precedential authority in one document.

This appeal involves important issues concerning Residents' fundamental right to bear arms under the Delaware Constitution, and Residents' abbreviated Reply Brief will not provide a complete response to Appellees' and The Brady Center's arguments in the one brief required by this Court unless additional space is allowed.

Accordingly, Residents respectfully seek leave to file a reply brief exceeding the type-volume limitation by no more than 3,188 words, limiting Residents' Reply Brief to a type-volume limitation of 10,188 words in order to allow a fairer opportunity to reply to both Appellees and *Amicus Curiae* together, as well as incorporate new precedential authority, in one document.[1]

                                      Respectfully submitted,

                                      */s/ Jill Agro*
                                      Francis G.X. Pileggi (Del. No. 2624)
                                      Penelope O'Connell (Del No. 4898)
                                      Jill Agro (Del. No. 4629)
                                      ECKERT SEAMANS CHERIN & MELLOTT, LLC
                                      300 Delaware Avenue, Suite 1210
                                      Wilmington, DE 19801
                                      302.655.3667
Dated: December 17, 2012          *Attorneys for Appellants*

---

[1] Appellants' original motion sought to exceed the type-volume limitation by 4,000 words; however, the Reply Brief that Appellants are ready to file if this Court grants the pending will only exceed the limit by 3,188 words, and would be a substitute for the Reply Brief being filed today within the normal length.