

Eckert Seamans Cherin & Mellott, LLC
300 Delaware Avenue
Suite 1210
Wilmington, DE 19801

TEL  302 425 0430
FAX  302 425 0432
www.eckertseamans.com

Francis G.X. Pileggi
fpileggi@eckertseamans.com
www.delawarelitigation.com
(302) 655-3667

February 4, 2013

VIA CM/ECF AND FEDEX

Ms. Marcia M. Waldron
Clerk of Court
United States Court of Appeals
  for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA  19106

Re:  *Doe v. Wilmington Housing Authority, et al.*
     3d Cir., No. 12-3433
     Rule 28(j) Supplemental Citation

Dear Ms. Waldron:

Appellants ask this Court to certify to the Delaware Supreme Court questions of state law decided by the lower court concerning the interpretation of Article I, § 20 of the Delaware Constitution, which guarantees the right to bear arms. (Opening Brief, Statement of Issues Presented for Review, ¶ 2; *see also* Opening Brief at 14-18).

The Second Circuit decision in *Osterweil v. Bartlett*, --- F.3d ----, 2013 WL 322884 (2d Cir. Jan. 29, 2013), held that claims asserted in federal court involving the meaning of a provision of a New York law concerning handgun licensing should be certified to the New York Court of Appeals (the highest judicial authority in New York). The court reasoned: "[T]he New York Court of Appeals has not told us how to interpret this particular statute, and has clarified only that the question we face is one of judgment that involves interpreting the intent of the state legislature. . . . That job is surely best left to the state courts . . .." *Id.* at * 2. (citations to U.S. Supreme Court decisions omitted.)

In support of the decision to certify, retired U.S. Supreme Court Justice Sandra Day O'Connor, writing for the Court, wrote:

> Indeed, any ruling we might make on this state law question would not be binding on New York state courts and thus has the potential for sowing confusion…. One of the chief virtues of certification is that it avoids such pitfalls. *Id.* at * 3.



The Court also explained:

> "The presence of a serious constitutional question is a good reason to certify, however, not a reason to race ahead." *Id.* at * 4. (citations to U.S. Supreme Court decisions omitted.)

At no time since § 20 of Article I was incorporated into the Delaware Bill of Rights has the Delaware Supreme Court provided controlling authority on the proper interpretation of the aspect of the important state constitutional provision involved in this case - - a provision that guarantees a firmly rooted fundamental right.

*Osterweil* directly addresses and resolves the certification issue that Appellants have presented in this appeal.

Respectfully,

Francis G.X. Pileggi

Francis G.X. Pileggi

FGXP/mar

cc: Barry M. Willoughby, Esquire
     Lauren E. Moak, Esquire