

WILMINGTON
GEORGETOWN
MIDDLETOWN
NEW YORK

Barry M. Willoughby
P 302-571-6666
F 302-576-3345
bwilloughby@ycst.com

February 7, 2013

**VIA CM/ECF**

Clerk of the Court Marcia M. Waldron
U.S. Court of Appeals for the Third Circuit

     Re:  *Doe v. Wilmington Housing Auth.*, No. 12-3433

Dear Ms. Waldron:

    Pursuant to Federal Rule of Appellate Procedure 28(j), please accept this letter in response to Appellants' February 4, 2013 letter.

    Counsel has reviewed the Second Circuit's decision in *Osterweil v. Bartlett*, No. 11-2420-cv, 2013 U.S. App. LEXIS 2010 (2d Cir. Jan. 29, 2013). While Appellants accurately quote the opinion, Appellees believe the case is distinguishable factually and procedurally. First, with regard to the factual differences, the Court in *Osterweil* was being asked to declare a state statutory provision unconstitutional. In the case at bar, the Court is not facing any such conflict between state and federal prerogatives.

    Second, with regard to procedural posture, in the *Osterweil* case, it was the prevailing party below that sought certification. By contrast, in the case at bar, it is the non-prevailing party seeking certification. As discussed more fully in Appellees' Answering Brief § II.A., courts do not favor certification in such circumstances.

    In light of the considerable factors weighing against certification, and the fact that the Second Circuit's decision is not binding on this Court, Appellees oppose certification.

        Respectfully,

        Barry M. Willoughby

cc: Lauren E.M. Russell, Esq.
   Francis G.X. Pileggi, Esq. (via CM/ECF)
   Jill K. Agro, Esq. (via CM/ECF)
   Penelope B. O'Connell, Esq. (via CM/ECF)

01:13259222.1