NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-3433
_____

JANE DOE; CHARLES BOONE,
                                                                                Appellants
v.

WILMINGTON HOUSING AUTHORITY; FREDERICK S. PURNELL, SR., in his
official capacity as executive director of the Wilmington Housing Authority

On Appeal from the United States District Court
for the District of Delaware
(District Court No.: 1-10-cv-00473)
District Judge: Honorable Leonard P. Stark

Argued May 23, 2013

Before: RENDELL and GREENAWAY, JR., Circuit Judges,
and ROSENTHAL[*], District Judge

(Opinion filed: June 6, 2014)

---

[*] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Francis G.X. Pileggi, Esq. [ARGUED]
Penelope B. O'Connell, Esq.
Jill K. Agro, Esq.
Eckert, Seamans, Cherin & Mellott, LLC
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801

        Counsel for Appellants


Barry M. Willoughby, Esq. [ARGUED]
Lauren E.M. Russell, Esq.
Young, Conway, Stargatt & Taylor, LLP
100 North King Street
Rodney Square
Wilmington, DE 19801

        Counsel for Appellees


Adam K. Levin
Hogan Lovells US
555 Thirteenth Street, N.W.
Columbia Square
Washington, D.C. 20004

        Counsel for The Brady Center to Prevent Gun Violence,
        Amicus Appellee

O P I N I O N
_____

**ROSENTHAL,** District Judge:

Appellants Jane Doe and Charles Boone sued the Wilmington Housing Authority (WHA), challenging parts of its revised firearms policy under the Second Amendment of the United States Constitution and Article I, Section 20 of the Delaware Constitution. The United States District Court for the District of Delaware held that the Common Area Provision (paragraph 3) and the Reasonable Cause Provision (paragraph 4) of the revised policy did not offend either the Second Amendment or Article I, Section 20. *Doe v. Wilmington Hous. Auth.*, 880 F. Supp. 2d 513, 536–39 (D. Del. 2012). Appellants did not appeal the Second Amendment ruling but did appeal the ruling on the Delaware Constitution.[1]

Because the appeal raised unresolved questions of Delaware constitutional law, on July 18, 2013, we asked the Delaware Supreme Court to accept certification under Article IV, Section 11(8) of the Delaware Constitution and Delaware Supreme Court Rule 41 to answer the following questions:

> (1) Whether, under Article I, § 20 of the Delaware Constitution, a public housing agency such as the WHA may adopt a policy prohibiting its residents, household members, and guests from displaying or carrying a firearm or other

---

[1] Appellants also argued, and the District Court disagreed, that state law preempted the WHA's actions and that the WHA acted outside of the scope of its authority. Appellants appealed those conclusions. We expressly declined to certify those issues to the Delaware Supreme Court and need not consider them in light of the Delaware Supreme Court's answer to the certified questions.

(2) weapon in a common area, except when the firearm or other weapon is being transported to or from a resident's housing unit or is being used in self-defense.

(2) Whether, under Article I, § 20 of the Delaware Constitution, a public housing agency such as the WHA may require its residents, household members, and guests to have available for inspection a copy of any permit, license, or other documentation required by state, local, or federal law for the ownership, possession, or transportation of any firearm or other weapon, including a license to carry a concealed weapon, as required by 11 Del. C. § 1441, on request, when there is reasonable cause to believe that the law or policies have been violated.

On July 30, 2013, the Delaware Supreme Court accepted certification of these questions. After considering the parties' briefs and arguments, on March 18, 2014, the Court issued an opinion answering both questions in the negative. *Doe v. Wilmington Hous. Auth.*, 88 A.3d 654 (Del. 2014).

The Delaware Supreme Court held that the interpretation of Article I, Section 20 did not depend on the Second Amendment; that, under Delaware law, the right to bear arms was not absolute; and that an intermediate-scrutiny analysis applied, allowing a court "to consider public safety and other important governmental interests." *Id.* at 667. Applying intermediate scrutiny, the Delaware Supreme Court held that the Common Area Provision "burden[ed] the right to bear arms more than is reasonably necessary" and that the Reasonable Cause Provision that enforced the Common Area Provision was also overbroad. *Id.* at 668–69. As a result, these provisions were unconstitutional under Article I, Section 20. *Id.* at 670.

We adopt the Delaware Supreme Court's opinion in *Doe v. Wilmington Hous. Auth.*, 88 A.3d 654 (Del. 2014). We will reverse and remand the District Court's

judgment under the Delaware Constitution for entry of judgment consistent with the guidance that the Delaware Supreme Court has provided.